**Hugh ELLIS, Plaintiff-Appellant,**

v.

**Richard S. SCHWEICKER, Secretary of Health and Human Services, Defendant-Appellee.**

**No. 83–3403.**

United States Court of Appeals, Sixth Circuit.

Submitted April 19, 1984.

Decided July 25, 1984.

246

Christopher K. Barnes, U.S. Atty., Columbus, Ohio, Nicholas J. Pantel, Asst. U.S. Atty., Cincinnati, Ohio, for defendant-appellee.

Frank J. Neff, Barkan & Neff, Columbus, Ohio, for plaintiff-appellant.

Before KEITH and MARTIN, Circuit Judges, and HILLMAN, District Judge.*

HILLMAN, District Judge.

Hugh Ellis appeals from a district court order affirming the Secretary of Health and Human Services' (Secretary's) denial of Social Security Disability Benefits. The issue on appeal is whether the record contains substantial evidence to support the administrative law judge's (ALJ's) finding that Ellis' alleged psychiatric impairment did not significantly affect his ability to perform work related functions on or before March 31, 1968, the last date when appellant met the insured status requirements of the Social Security Act, as amended.

Appellant Hugh Ellis was born on February 21, 1926, and is currently 58 years old. He has a ninth grade education. Ellis worked as a merchant marine from 1943 to 1962, when he suffered a skull fracture when he was hit by a subway train while being robbed. In 1963, Ellis was found permanently and totally disabled from sea duty by the Merchant Marines.

* Hon. Douglas W. Hillman, District Judge, United States District Court for the Western District of Michigan, sitting by designation.

Appellant filed this, his fourth, application[1] for disability benefits on April 24, 1980, alleging that he became disabled in 1962 by asthma, black lung, hypertension and a psychiatric impairment. Appellant last met the insured status on March 31, 1968. 42 U.S.C. § 423(a)(1)(A), 20 C.F.R. § 404.115(b). The ALJ found that, despite Ellis' exertional impairments, he could still perform sedentary and light work and concluded that Ellis' non-exertional impairments did not further restrict his ability to perform work related functions. The ALJ concluded that Ellis was not disabled as of March 31, 1968, within, the meaning of the Social Security Act. See 20 C.F.R. 404, Rules 201.25, Table 1, and 202.17, Table 2 to Appendix 2 to Subpart P of the Secretary's Regulations.

The only finding challenged on appeal is that Ellis was not suffering from a disabling psychiatric condition on or before March 31, 1968. Our task is to determine whether that finding is supported by substantial evidence. See 42 U.S.C. § 405(g). *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *LeMaster v. Weinberger,* 533 F.2d 337, 339 (6th Cir.1976). The evidence is uncontroverted that today Ellis suffers from a chronic schizophrenic disorder which severely restricts his ability to perform work related tasks. The more difficult question is whether the evidence supports the Secretary's finding that Ellis was not so restricted by March 31, 1968, at the latest.

Appellant relies on the following pre-1968 evidence as support for his claim that he was disabled by a chronic psychiatric impairment on or before March 31, 1968:

1. Confinement to a state hospital in 1953 for a period of seven months.

2. A report of Ellis' stay at St. Vincent's Hospital of the City of New York, from February 1 to February 10, 1960, diagnosing Ellis as suffering from psychosis, type undetermined.

3. A 1962 admission to New York State Hospital.

4. A 1963 evaluation by Morton S. Edelman, M.D., diagnosing Ellis as status post-skull fracture and suffering from chronic schizophrenia, paranoid type. Dr. Edelman's report also notes a prior diagnosis of schizophrenia in 1958 from the U.S.P.H.S. Hospital on Staten Island. Dr. Edelman further reported that Ellis had been disqualified from Merchant Marine service on psychiatric grounds.

Appellant further relies on the following post-1968 evidence in support of his claim. The critical period for purposes of this appeal is that prior to March 31, 1968. However, because appellant claims that he suffered from a chronic and long-term impairment, we find evidence of plaintiff's condition after March 31, 1968, probative of his condition prior to that date.

1. A July 14, 1969, report from the Ohio State University emergency room stating that Ellis was having a "psychotic break."

2. A record from Columbus State Hospital where Ellis was admitted on May 23, 1973, diagnosing Ellis as suffering from psychosis, manic depressive type.

3. A 1973 psychiatric examination by Dr. Jayaskera of Columbus State Hospital diagnosing Ellis as manic depressive, manic type.

4. A 1978 record from Central Ohio Psychiatric Hospital, also diagnosing Ellis as manic-depressive, manic type. This report notes three prior stays at that psychiatric facility, in 1964, 1969 and 1973 respectively.

5. A 1982 evaluation by Allen R. Korb, M.D., a neurologist and psychiatrist.

Dr. Korb had previously evaluated Ellis in 1964 on behalf of the Social Security Administration. In that 1964 evaluation, Dr. Korb expressed the opinion that Ellis was not suffering from a psychiatric impairment at that time. However, in the 1982 evaluation, performed at the request

---

**1.** Plaintiff's repeated applications reflect a complicated procedural history. However, that his- tory is not an issue raised by this appeal.

of appellant's attorney, Dr. Korb revised his earlier opinion. He stated that further history and medical information demonstrate that Ellis has had a long-term schizophrenic illness with multiple exacerbations. Dr. Korb expressed the opinion that Ellis' long-standing and deep-seated psychiatric disorder had been in remission at the time of his 1964 evaluation. Dr. Korb further opined that Ellis has had some psychiatric problems since 1953, functioned marginally until 1964, but has been totally disabled by psychiatric impairment alone since 1964.

On the other hand, the Secretary relies on the following as support for the finding that Ellis did not suffer from a disabling psychiatric impairment on or before March 30, 1968:

1. The 1964 report of Dr. Korb, discussed above, stating that Ellis manifested no objective evidence of psychiatric or neurological disease at that time.

2. A 1971 medical evaluation performed by P.H. Blount, M.D., on behalf of the National Maritime Union Pension Fund. In his report, Dr. Blount did not circle "mental disturbance" as a condition from which Ellis suffered. He summarized that Ellis was "fair with the exceptions of headache, occasional dizziness, worse on exertion."

3. The discharge summary of Ellis' 1964 stay at Columbus State Hospital. Dr. Tolan, M.D., reported that on admission Ellis was hyperactive, confused mentally, disoriented and that his memory and insight were nil. However, the summary also notes that Ellis had been drinking heavily and that his mental problems cleared up during his hospital stay. Dr. Tolan also reported that Ellis had a job waiting for him at the time of his discharge.

■ Ellis met his prima facie burden of establishing that he was unable to perform his former work as of March 31, 1968, i.e. in 1963, he was found to be permanently and totally disabled from merchant marine service. *Allen v. Califano*, 613 F.2d 139, 145 (6th Cir.1980). The burden then shifted to the Secretary to demonstrate that

there existed other substantial activity which Ellis could perform. *Young v. Califano*, 633 F.2d 469, 470 (6th Cir.1980). The Social Security Administration's regulations recognize that functional psychotic disorders (e.g., manic depression, schizophrenia) may constitute a disabling, non-exertional impairment. *See* 20 C.F.R. 404, Section 12.03, Appendix 1, Subpart P. However, the Secretary has determined that Ellis did not suffer from such an impairment as of March 31, 1968. We do not find substantial evidence to support this conclusion.

■ Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *LeMaster v. Weinberger*, 533 F.2d 337, 339 (6th Cir.1976). A reviewing court is to consider the evidence taken as a whole. *Allen v. Califano, supra; Kirk v. Secretary*, 667 F.2d 524, 536 (6th Cir.1981).

Considering the evidence taken as a whole, the Secretary's finding that Ellis did not suffer from a disabling psychiatric condition on or before March 31, 1968, is not adequately supported. Even if Dr. Korb's re-evaluation of Ellis in 1982 is rejected as support for Ellis' assertion of psychiatric disability, it at least undermines any reliance on his 1964 opinion that Ellis suffered from no psychiatric impairment. It is not reasonable to rely on a medical diagnosis that the diagnosing doctor has himself retracted in light of subsequent events. *Cf. Hassler v. Weinberger*, 502 F.2d 172, 178 (7th Cir.1974). We note that Dr. Korb had more medical information on which to base an opinion in 1982 than he had in 1964. Additionally, a careful scrutiny of Dr. Blount's 1971 medical report on behalf of the National Maritime Pension Fund, on which the Secretary also relies, reveals that this was primarily a physical, not a psychiatric, examination. Finally, the summary of Ellis' 1964 Columbus State Hospital stay, even if viewed in the light most favorable to the Secretary, does not controvert evidence that Ellis has suffered from a

long-term psychiatric disorder. It simply states that Ellis was not psychotic at the time of discharge and implies that this particular psychotic episode was caused or aggravated by alcohol abuse. This report states that Ellis had a job waiting for him on discharge, a fact on which the Secretary also relied. However, there is no information regarding what type of job or its duration. This is the only evidence in the entire record implying Ellis may have had any ongoing employment after he was declared disabled from the Merchant Marine Service in 1962.

Both the ALJ and the trial court relied on the fact that several of Ellis' hospitalizations involved alcohol abuse as evidence of the non-existence of a disabling psychiatric impairment. This reliance is misplaced in light of the Social Security Administration's own regulations recognizing that several pathological conditions may coexist in one person. Disagreements regarding diagnosis do not preclude a finding of mental impairment. *See* 20 C.F.R. 404, Section 12.00(A), Appendix 1, Subpart P. Alcohol abuse may have aggravated Ellis' mental impairment. It is not evidence that Ellis was not suffering from such an impairment.

The 1964 Columbus State Hospital discharge report is the only evidence that even arguably directly contradicts Ellis' claim of a long-standing mental impairment precluding him from substantial gainful activity. It is improper to base a decision on one single piece of evidence and to disregard other pertinent evidence. *Hephner v. Matthews*, 574 F.2d 359, 362 (6th Cir.1978). There is ample evidence in the record to support Ellis' claim of a long-standing mental impairment, disabling by March 31, 1968, at the latest. There is only one piece of evidence that even arguably directly contradicts that claim. The Secretary's decision improperly focuses on that evidence and ignores the voluminous evidence in support of appellant's claim.

Accordingly, the judgment of the district court is reversed and the case is remanded to the district court with instructions that it

be further remanded to the Secretary for entry of an order awarding benefits.