785 F.2d 307
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
VERNON D. BOGGS, Plaintiff-Appellant,
v.
MARGARET M. HECKLER, SECRETARY OF HEALTH AND HUMAN SERVICES,
Defendant-Appellee.
 85-3067
 United States Court of Appeals, Sixth Circuit.
 1/31/86
 
 BEFORE: KENNEDY and KRUPANSKY, Circuit Judges; and SUHRHEINRICH, District Judge.[1]
 PER CURIAM.
 
 
 1
 Plaintiff-appellant, Vernon D. Boggs, appealed the district court's summary judgment affirming the Secretary's decision to deny appellant's application for a closed period of disability. Appellant alleged that disability commenced on April 6, 1981 due to high blood pressure, inflamed joints, asthma and an enlarged thyroid, which continued until April 17, 1982. The application was denied initially and upon reconsideration. The Administrative Law Judge (ALJ) denied appellant's claim, determining that appellant was not continuously disabled for a 12-month period as required by 20 C.F.R. Sec. 404.1509. The ALJ's order became the final decision of the Secretary when approved by the Appeals Council on October 5, 1983.
 
 
 2
 Appellant sought judicial review pursuant to 42 U.S.C. Sec. 405(g). The district court ordered that the report and recommendation of the Magistrate be adopted, which found that substantial evidence supported the decision of the ALJ.
 
 
 3
 At the time of the ALJ hearing, appellant was 49 years of age with a tenth grade education. His most recent work experience was as an extruder machine operator in the plastics industry. His duties at this employment began in 1973, and required that appellant load and unload the machinery and fill 80 to 120 bags of material, each weighing 20-50 pounds, daily.
 
 
 4
 The medical reports compiled over the 12 month period in question disclosed that the appellant was initially hospitalized on April 13, 1981 for treatment of dyspnea and wheezing. His treating physician noted findings of fine rales over both lung bases with expiratory wheezing, as well as exaggerated expansion of the chest. Pulmonary function studies were consistent with mild restrictive and obstructive lung disease, however improvement was noticed with bronchodilation. Diagnosis of acute bronchial asthma and early pulmonary emphysema were reported. Appellant was released from the hospital on April 25, 1981.
 
 
 5
 Significantly, appellant returned to work on May 6, 1981. He performed his duties working a regular 40 hour work week, but had to have some help with the bagging and stacking.
 
 
 6
 Appellant was hospitalized again on August 9, 1981 until August 22, 1981, for treatment of muscle pain and stiffness (myalgia). Blood studies revealed a markedly depressed thyroid function. Hypothyroidism, secondary to Hashimoto's thyroiditis, hypertension and asthma were ultimately diagnosed. On October 31, 1981, a consulting physician opined that appellant's impairment was not severe, as the diagnosis of Hashimoto's thyroiditis was responding well to steroid treatment and thyroid replacement therapy.
 
 
 7
 Appellant was hospitalized a third time from November 2, 1981 until November 22, 1981. A diagnosis of lateral recess syndrome secondary to hypertrophic facets and lumbar spinal stenosis was reported, and a decompression laminectomy at L4-5 was performed. Appellant was subsequently examined one month after his lumbar laminectomy. The doctor concluded that appellant was doing well following surgery.
 
 
 8
 The standard to be applied by this court in reviewing a determination by the Secretary is whether the decision is supported by substantial evidence. 42 U.S.C. Sec. 405(g); Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). Substantial evidence is defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' Richardson, 402 U.S. at 401, 91 S.Ct. at 1427 (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1983)). See also Ellis v. Schweicker, 739 F.2d 245, 248 (6th Cir. 1984) (Keith, Martin, Hillman). This court does not conduct a de novo examination of the evidence and it is not free to substitute its findings of fact for those made by the Secretary if substantial evidence supports those findings and inferences. O'Banner v. Secretary of HEW, 587 F.2d 321, 323 (6th Cir. 1978); Skalet v. Finch, 431 F.2d 452, 453 (6th Cir. 1970). An impairment is considered to be severe if it significantly limits a claimant's physical or mental abilities to do basic work activities. 20 C.F.R. Secs. 404.1521; 416.921 (1985).
 
 
 9
 Appellant first contended that he worked from May 6, 1981 to June 26, 1981. However, the record plainly discloses that the appellant worked until August 9, 1981. The ALJ's conclusion was based on three separate documents, each of which was signed by the appellant indicating that he continued to work at the plant until August 9, 1981.
 
 
 10
 Appellant's second contention was that the period of work from May 6, 1981 to August 9, 1981 did not constitute 'substantial gainful activity.' Appellant alleged that although he worked for several weeks, the numerous medical impairments, in conjunction with the pain, stiffness and fatigue he experienced while at work, demonstrated that he was 'unable' to perform substantial gainful activity. Revealingly, however, appellant told his treating neurologist Dr. Ionnidis in June, 1981, that his problems did not interfere with his sleep or daily activities. The controlling regulation is 20 C.F.R. Sec. 404.1573(b), which grants the ALJ discretion in making a determination of a claimant's ability to work. Based on all the evidence, especially appellant's concession to his doctor, substantial evidence supports the conclusion that appellant had performed his job satisfactorily within the meaning of Sec. 404.1573(b), and was therefore engaged in substantial gainful activity.
 
 
 11
 Accordingly, the district court's order granting summary judgment for the Secretary and dismissing appellant's application for a closed period of disability is supported by substantial evidence and is, therefore, AFFIRMED.
 
 
 
 [1]
 Hon. Richard F. Suhrheinrich, United States District Judge, Eastern District of Michigan, sitting by designation