785 F.2d 309
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
OZELL KIZER, Plaintiff-Appellant,
v.
MARGARET M. HECKLER, Secretary of Health and Human Services,
Defendant-Appellee.
 84-3999
 United States Court of Appeals, Sixth Circuit.
 1/31/86
 
 BEFORE: ENGEL and KRUPANSKY, Circuit Judges; and SUHRHEINRICH, District Judge.[1]
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Ozell Kizer appealed, pursuant to 28 U.S.C. Sec. 636(c)(3), a magistrate's order which affirmed the Secretary's denial of supplemental security income (SSI) benefits under 42 U.S.C. Sec. 1381 et seq. Appellant filed his application for SSI benefits on January 7, 1982 in Los Angeles, California.[2] His primary impairment is hypertension, although he additionally alleged disability due to cerebral vascular accident with mild right-sided hemiparesis and chronic lower back pain. Appellant's application was denied initially and upon reconsideration. Appellant requested a hearing before an administrative law judge (ALJ), who heard the case de novo on March 3, 1983. The ALJ concluded that the appellant was not disabled and thus not entitled to SSI benefits. This became the final decision of the Secretary when approved by the Appeals Council on July 8, 1983.
 
 
 2
 On September 15, 1983, appellant initiated the instant action for judicial review. The magistrate, by consent of both parties, and Order of Reference signed by the district judge, in compliance with Local Civil Rule 19.06, conducted the proceedings and ordered judgment. He determined that substantial evidence supported the ALJ's decision, thereby upholding the Secretary's denial of SSI benefits.
 
 
 3
 Appellant, born on March 28, 1933, has a sixth grade education and is able to read and write. He was 48 years old at the time of his application. His relevant work experience from 1963 to 1975 was as a shipping clerk in the garment industry and involved taking orders, answering the telephone and showing customers stock.
 
 
 4
 On March 3, 1982, a consultive examination was performed by Alex Bloom, M.D., for the State Department of Disability Evaluation for California. He reported high blood pressure, right-sided numbness, and slight grip weakness in both hands. He noted no peripheral joint abnormalities and that low back motion was only moderately reduced.
 
 
 5
 On April 24, 1982, appellant was hospitalized for severe hypertension (230/160), and chest pains. Chest x-rays indicated no evidence of active pulmonary or cardiac disease, a CAT scan of the adrenals and kidneys indicated no tumor, and no distinct neurovascular abnormalities were found. The high blood pressure was readily controlled with drug treatment.
 
 
 6
 The most recent medical report was submitted by treating physician, Nicholas D. Vlachkis, M.D., on August 6, 1982. Appellant had been treated for severe hypertension complicated with angina pectoris, congestive heart failure and two CVA episodes. Dr. Vlachkis noted that these symptoms were adequately controlled when the appellant followed his prescribed drug treatment program, but admonished that due to appellant's erratic compliance with his drug treatment program only moderate success was achieved.
 
 
 7
 The ALJ concluded that despite appellant's impairments, he nevertheless had the residual functional capacity to perform his past relevant type of work as a shipping clerk, which is compatible with the 'light' level of work defined by the Social Security Administration Regulations, 20 C.F.R. 416.967. Since the evidence in the record failed to establish the existence of an impairment(s) which significantly limited the appellant's ability to engage in substantial gainful activity, the ALJ determined that the appellant was not disabled under the terms of the Act.
 
 
 8
 The standard applied in reviewing a determination by the Secretary is whether the decision is supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); 42 U.S.C. Sec. 405(g). Substantial evidence is defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' Richardson, 402 U.S. at 401, 91 S.Ct. at 1427 (quotingConsolidated Edison Co. v. NLRB, 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938). See also Ellis v. Schweiker, 739 F.2d 245, 248 (6th Cir. 1984)). The determination of whether there exists substantial evidence to support the Secretary's finding must be based on the record as a whole. Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980); Hephner v. Mathews, 574 F.2d 359, 362 (6th Cir. 1978).
 
 
 9
 The Social Security Administration has promulgated 20 C.F.R. Sec. 404.1520 (1985), which establishes a five-step sequential process for evaluating claims for social security disability insurance benefits. Under the first step, the Secretary determines whether a claimant is currently engaged in substantial gainful activity. If so, the claimant does not qualify as disabled. Second, the Secretary determines if the claimant has a severe impairment(s). If no severe impairment is found, the claimant cannot qualify as disabled. Third, if the impairment(s) is severe, the Secretary compares the claimant's impairment(s) to the 'Listing of Impariments' in 20 C.F.R. Sec. 404, Subpart P, Appendix 1. The Secretary will find the claimant disabled if Appendix 1 lists the claimant's impairment(s) or if the claimant's impairment(s) qualifies as the medical equivalent of a listed impairment. Fourth, if the claimant's impairment(s) does not meet or equal a listed impairment, the Secretary next determines whether the claimant can perform the claimant's past work. If so, the claimant does not qualify as disabled. Finally, if the claimant cannot perform past work, the Secretary considers the claimant's residual functional capacity and the transferability of any skills the claimant's may possess to determine whether the claimant qualifies as disabled. Cf. Salmi v. Secretary of Health and Human Services, 774 F.2d 685, 687-88 (6th Cir. 1985) (claim for supplemental security income benefits).
 
 
 10
 The ALJ decided appellant was not disabled at the fourth step of the sequential evaluation process, determining that appellant's hypertension, lower back pain and right-sided herniparesis did not preclude him from returning to his past relevant work as a shipping clerk or related 'light' level occupations.
 
 
 11
 Appellant contended that he is capable of performing only 'sedentary' work, relying heavily on a 1981 ALJ finding to that effect.[3] Appellant argued that based on his capability to perform only sedentary work, in conjunction with his age, education and past relevant work experience, he is disabled under 20 C.F.R. Part 404, Subpt. P., App. 2, Rule 201.09. This contention raises two points, both of which this court rejects.
 
 
 12
 First, appellant urged this court to resurrect the 1981 ALJ finding that he was capable of performing only sedentary work and bind the Secretary to that finding in the instant case. Appellant relies on Haynes v. Secretary, HHS, 734 F.2d 284 (6th Cir. 1984) (An initial determination that claimant is disabled gives rise to presumption that he remains disabled until Secretary produces evidence that claimant's condition has improved before benefits may be terminated). Since appellant herein has never been deemed disabled, Haynes is inapposite, and the previous ALJ finding has no bearing on the instant case.
 
 
 13
 Moreover, inasmuch as the ALJ decided that appellant is not disabled under step four of the sequential evaluation, step five cannot be invoked to consider appellant's residual functional capacity (ability to perform sedentary, light or medium work).
 
 
 14
 Second, substantial evidence supports the Secretary's determination that appellant is able to return to his job as a shipping clerk or a related occupation. The only medical evidence limiting appellant's ability is derived from two medical reports, rendered two years and three and one half years respectively, prior to the filing of appellant's current application. In September 1978, Dr. Adler reported that appellant was capable of performing only sedentary work. Dr. Vlachkis reported on September 18, 1979 that appellant needed one year of disability. Dr. Vlachkis made no similar statements in any of his subsequent reports, including his most recent observations on August 6, 1982. The record is therefore devoid of any pertinent medical evidence which indicates that appellant is unable to perform the duties required of a shipping clerk or related occupations.
 
 
 15
 In addition, the record plainly discloses that appellant lives alone, fixes his own meals, attends church twice a week, does his own shopping, and can walk to the market if necessary. Appellant also stated that he no longer has back pains and can lift 10 to 15 pounds. His duties as a shipping clerk would require appellant to write customer orders, exhibit merchandise and answer the telephone. As such, substantial evidence supports the conclusion that appellant is able to perform the duty assignments required of a shipping clerk or related work.
 
 
 16
 Furthermore, where a claimant fails to follow prescribed treatment which could restore his ability to work, the Secretary may deem him not disabled. See 20 C.F.R. 404.1530. The recent medical evidence clearly demonstrates that appellant did not take his medication regularly.
 
 
 17
 Consequently, substantial evidence supports the Secretary's determination that appellant could return to his former job as a shipping clerk or a related occupation if he follows his prescribed drug treatment program.
 
 
 18
 Accordingly, the order of the Magistrate on behalf of the district court upholding the Secretary's denial of SSI benefits is AFFIRMED.
 
 
 
 [1]
 Hon. Richard F. Suhrheinrich, United States District Judge, Eastern District of Michigan, sitting by designation
 
 
 [2]
 Appellant had been a resident of Los Angeles until August, 1982, at which time he moved to Mansfield, Ohio
 
 
 [3]
 Appellant filed his first application on November 11, 1976 to establish a period of disability and disability insurance benefits alleging disability from April 30, 1975 due to hypertension. An ALJ concluded that appellant was not disabled in a decision dated October 30, 1978. On June 28, 1979 appellant filed an application for SSI benefits. In August, 1981 an ALJ again determined that appellant was not disabled, but that he was capable of performing only sedentary work in his current medical condition