793 F.2d 1290
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
SAM BELCHER, Plaintiff-Appellant,
v.
SECRETARY, HEALTH & HUMAN SERVICES, Defendant-Appellee.
 84-3721
 United States Court of Appeals, Sixth Circuit.
 5/22/86
 
 AFFIRMED
 N.D.Ohio
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO
 BEFORE: KRUPANSKY and GUY, Circuit Judges; and HOLSCHUH, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Sam Belcher ('appellant'), appealed the district court's summary judgment affirming the Secretary of Health and Human Services' ('Secretary') decision to deny his application for social security disability insurance benefits and for a period of disability filed pursuant to 42 U.S.C. Secs. 423 and 416(i). Appellant alleged that disability commenced on August 31, 1981, at which time he became unable to work due to the combined effects of degenerative spinal disc disease with radiculopathy, hypertension, chronic peptic ulcer disease and astigmatism. The application was denied initially and upon reconsideration. A hearing was conducted before an Administrative Law Judge ('ALJ'), who denied appellant's claim concluding that appellant's impairments were not severe so as to significantly limit his ability to perform basic work-related functions and was therefore not disabled within the meaning of 20 C.F.R. Sec. 404.1521. The ALJ's order became the final decision of the Secretary when it was approved by the Appeals Council. Appellant sought judicial review pursuant to 42 U.S.C. Sec. 405(g). The district court determined that substantial evidence supported the Secretary's decision and issued an order affirming that decision.
 
 
 2
 At the time of the ALJ hearing appellant was 49 years of age and had a tenth grade education. He had relevant work experience in the steel manufacturing industry from August, 1953 to August 31, 1981. Appellant alleged that due to his constant aches and pains he was unable to carry on gainful employment, perform his own yardwork or house-cleaning, and could only perform a minimal amount of the grocery shopping and laundry. The Secretary concluded that the medical records failed to disclose evidence which supported these allegations.
 
 
 3
 Appellant was examined by Robert J. Brocker, M.D., on October 6, 1981. In addition to a normal blood pressure reading of 120/80, Dr. Brocker determined that appellant was not afflicted with any neurological abnormalities or deficiencies. On October 12, 1981, Anthony M. Pannozzo, M.D., diagnosed S1 radiculopathy and left disc ligament sprains at L2-3, L3-4 and L5-51, but reported that appellant obtained satisfactory relief from conservative and symptomatic treatment. Appellant's astigmatism was noted by D. Kweder, O.D., on April 22, 1982, who determined that it did not cause a problem and recommended no particular treatment. On May 15, 1982, Joseph S. Gregori, M.D., reported that appellant had chronic and acute peptic ulcer disease which was readily controlled with medication and a bland diet. A final medical report was prepared by S.M. Strain, M.D., on July 29, 1982, who diagnosed appellant as having hypertension and degenerative spinal disc disease. Corrective surgery was refused by appellant.
 
 
 4
 The standard applied in reviewing a determination by the Secretary is whether the Secretary's decision is supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); 42 U.S.C. Sec. 405(g). Substantial evidence is defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' Richardson, 402 U.S. at 401, 91 S.Ct. at 1427 (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938)). See also Ellis v. Schweiker, 739 F.2d 245, 248 (6th Cir. 1984). The determination of whether there exists substantial evidence to support the Secretary's finding must be based on the record as a whole. Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980). Moreover, this court may not conduct a de novo examination of the evidence and is not free to substitute its findings of fact for those made by the Secretary if substantial evidence supports those findings and inferences. O'Banner v. Secretary of HEW, 587 F.2d 321, 323 (6th Cir. 1978); Skalet v. Finch, 431 F.2d 452, 453 (6th Cir. 1970).
 
 
 5
 The term 'disability' is defined in 42 U.S.C. Sec. 423 to mean:
 
 
 6
 [The] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.
 
 
 7
 42 U.S.C. Sec. 423(d)(1)(A). The Social Security Administration promulgated 20 C.F.R. Sec. 404.1520, which established a five-step sequential process for evaluating claims for social security disability insurance benefits. See Salmi v. Secretary, Health & Human Services, 774 F.2d 685, 687-88 (6th Cir. 1985). First, the Secretary determines whether a claimant is currently engaged in substantial gainful activity. If so, the claimant does not qualify as disabled. Second, the Secretary determines if the claimant has a severe impairment(s) as defined in Sec. 401.1521. If no severe impairment is found, the claimant cannot qualify as disabled. This is the step at which the Secretary determined that appellant herein was not disabled.
 
 
 8
 This circuit has recently announced that an impairment can be considered as non-severe, and the claimant's application for disability benefits rejected at step two, if the alleged impairment(s) is a slight abnormality which has a minimal effect on the claimant and would not interfere with his ability to work. Farris v. Secretary, Health & Human Services, 773 F.2d 85, 90 (6th Cir. 1985). See also 20 C.F.R. Sec. 404.1521(a) (An impairment or combination of impairments is non-severe 'if it does not significantly limit [a claimant's] physical or mental ability to do basic work activities'). The term 'basic work activities' alluded to in both Farris and Sec. 404.1521(a) denotes the ability and aptitude of a claimant to be able to walk, stand, sit, lift, push, pull, reach, carry, see, hear, speak and remember instructions. 20 C.F.R. Sec. 404.1521(b).
 
 
 9
 Appellant charged that the pain due to his impairments was so severe that it precluded him from engaging in basic work activities. However, the Secretary properly ruled that the effects of all symptoms, including severe and prolonged pain, must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptom. See 20 C.F.R. Sec. 404.1529. A review of the record disclosed that it was wholly devoid of any evidence of medically determinable impairments which could reasonably produce the degree of pain alleged and thereby render the appellant unable to walk, stand, sit, lift, push, pull, reach, carry, see, hear, speak or remember. Appellant did not have neurological abnormalities or muscle atrophy and he enjoyed a normal gait. His back pain was relieved with conservative symptomatic treatment and his ulcer was controlled with medication and a bland diet. Appellant's assertion that his astigmatism was disabling is clearly specious.
 
 
 10
 Appellant's only support derives from Dr. Strain's unsubstantiated statement that appellant was precluded from engaging in any gainful employment. This statement was based exclusively on subjective symptoms described to him by the appellant. Notably, such brief conclusory statements by a claimant's physician are not dispositive on the issue of disability, and the Secretary is not bound by such opinions unless they are supported by detailed clinical and diagnostic evidence. See Houston v. Secretary, Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1981); King v. Secretary, Health and Human Services, 742 F.2d 968, 973 (6th Cir. 1984).
 
 
 11
 Appellant also charged that because he was unable to perform sedentary work he should have been declared disabled. Inasmuch as this would require analysis anchored in step five of the sequential evaluation, and the inquiry terminated upon the conclusion of non-severity pursuant to step two, the assignment of error is misplaced.
 
 
 12
 Accordingly, substantial evidence supports the Secretary's denial of appellant's application for social security disability insurance benefits and for a period of disability. The judgment of the district court is therefore AFFIRMED.
 
 
 
 *
 Hon. John D. Holschuh, United States District Judge for the Southern District of Ohio, sitting by designation