838 F.2d 467
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Carl E. PUCKETT, Plaintiff-Appellant,
v.
Otis R. BOWEN, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 87-3710.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Nov. 6, 1987.
Decided: Jan. 15, 1988.
 
 Michael F. Gibson; Johnston, Holroyd & Gibson, on brief, for appellant.
 Beverly Dennis, III, Chief Counsel, Region III, Office of the General Counsel Department of Health & Human Services; Charlotte Hardnett, Supervisory Assistant, Regional Counsel; Marjorie J. Scharpf, Assistant Regional Counsel; Michael W. Carey, United States Attorney; Amy M. Lecocq, Assistant United States Attorney, on brief, for appellee.
 Before CHAPMAN and WILKINS, Circuit Judges, and TERRENCE WILLIAM BOYLE, United States District Judge for the Eastern District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 Carl E. Puckett appeals an order of the district court affirming the decision of the Secretary to deny him benefits under the Social Security Act. Because we find the decision to deny benefits is based on substantial evidence, we affirm.
 
 
 2
 This case arose in 1983 when Carl E. Puckett petitioned the district court to review a 1981 decision by the Secretary of Health and Human Services. The Secretary had denied his application for child's insurance benefits. The district court remanded the case to the Secretary who again denied Puckett's application. The district court then affirmed the Secretary's findings and conclusion.
 
 
 3
 An applicant may receive disability benefits if he was supported by a parent who received social security benefits. The statute requires the applicant to prove that he is under a disability which began before he reached age 22 in order to receive these benefits. 42 U.S.C. Sec. 402(d)(1). The only issue on appeal is whether Puckett was disabled before his 22nd birthday on July 10, 1960. The district court and the Secretary found that the claimant was not disabled within the meaning of the Act. We are bound to uphold the Secretary's decision if it is supported by substantial evidence. 42 U.S.C. Sec. 405(g); Richardson v. Perales, 402 U.S. 389 (1971).
 
 
 4
 Claimant is a schizophrenic. He was somewhat disturbed, according to his parents, even in elementary school. His problems became more acute in high school. He did not have many friends and he did not get along well with his parents or siblings. He graduated from high school in 1956 when he was 18 years old. His I.Q. at that time was 120. Despite his intelligence he finished 144th out of a class of 180. He enrolled in Concord College in the fall but only stayed two weeks before dropping out. For the next three years he lived at home and was supported by his father.
 
 
 5
 In 1959 Puckett took and passed the civil service exam. He took a temporary job in Washington, D.C. in 1960 with the Census Bureau. Claimant worked for approximately three weeks at this capacity. Subsequently Puckett returned home for a period of time and returned to Washington in December of 1961. At this time he took a job in the Patent Office and worked there as a clerk. He worked there for 4 1/2 months before quitting.
 
 
 6
 Puckett was married in 1962 and divorced in 1964. After his divorce he began to drink heavily and his condition rapidly deteriorated. Since that time he has not been gainfully employed and hs spent most of his adult life in hospitals and under psychiatric care.
 
 
 7
 Puckett first saw a psychiatrist in 1957. Dr. Wayne's reports in those early years indicate that Puckett suffered from an identity criss. His primary problem was reported to be a masculine versus feminine identification conflict. There is a great deal of post-1960 evidence to establish Puckett's disability after that time. It is appropriate for the Secretary to consider the post-1960 doctor's reports in making a determination regarding claimant's pre-1960 condition. Ellis v. Schweicker, 739 F.2d 245 (6th Cir.1984). Some of these reports state that Puckett had signs of schizophrenia since at least 1957. There is no indication that the Secretary did not consider these reports.
 
 
 8
 Although there is evidence to suggest that the claimant was disabled before July 10, 1960, there is evidence that suggests he was not. In 1959 Puckett took and passed the civil service exam. In 1960 and 1961 he held jobs in the Census Bureau and the Patent Office. In 1962 he was married and fathered a child. A 1963 letter by his treating psychiatrist, Dr. Wayne, indicates that Puckett responded to treatment in 1957-58 and, as a result, no treatment was given again until 1962.
 
 
 9
 It is undisputed that Puckett is presently a schizophrenic and disabled. The statute, however, is clear. The claimant must prove that he was disabled prior to his 22nd birthday. The fact that a condition rpesent before age 22 develops into a disability after that time does not entitle the claimant to benefits. Dunlap v. Harris, 649 F.2d 637 (8th Cir.1981); Lieberman v. Califano, 592 F.2d 986 (7th Cir.1979).
 
 
 10
 There is evidence both ways. This court must apply a rule of law that requires it to uphold the Secretary if his decision was based on substantial evidence. A review of the evidence introduced leads the court to the inescapable conclusion that there is substantial evidence to support the Secretary's decision. Accordingly, the order of the district court is
 
 
 11
 AFFIRMED.