837 F.2d 476
 Unempl.Ins.Rep. CCH 17,840
Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
S.D. PIRTLE, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 86-6001.
 United States Court of Appeals, Sixth Circuit.
 Jan. 20, 1988.
 
 Before BOYCE F. MARTIN, Jr., and RALPH B. GUY, Jr., Circuit Judges, and JOHNSTONE, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff, Pirtle, appeals from the denial of Social Security disability benefits. Plaintiff essentially argues that the decision of the Secretary denying benefits is not supported by substantial evidence. In response, the Secretary does not disagree but urges that a remand for further consideration is the appropriate remedy.
 
 
 2
 Upon review of the record we agree with the plaintiff that the Secretary's decision is not supported by substantial evidence. Further, we conclude that the record justifies a reversal rather than a remand.
 
 I.
 
 3
 Pirtle was born on March 29, 1929, and has a twelfth grade education. He worked all his life in construction primarily as a heavy equipment operator and foreman for TVA.
 
 
 4
 In 1979, Pirtle was stricken with cancer of the larynx and left shoulder. A laryngectomy and tracheostomy were performed. After the surgery Pirtle was left with no sense of smell or natural speech capacity. He has to breath through a quarter-size hole in the front of his neck. Thus, there is no air filtration system to remove impurities before air enters his lungs. As a result he now suffers from breathing problems, chronic obstructions, pulmonary bronchitis, and bronchospasms.
 
 
 5
 Plaintiff is only able to "speak" by swallowing air and forcing it into his esophagus. The vocalizations that result are muted, hoarse and low-pitched, and very difficult to understand. The longer he has to talk, the softer and more difficult to understand the vocalization becomes. As a result of the traumatic change this has brought in plaintiff's life, he also claims a personality change, depression, paranoia, sleeplessness, unaccountable sweating, occasional vertigo, and an inability to completely control his bowels and bladder. Since he has lost his own sense of smell he is in constant fear that he is emitting foul odors and has lost his ability to socialize.[1]
 
 
 6
 Apparently unrelated to the cancer, Pirtle also has numbness in his hands and arms which has been tentatively diagnosed as bilateral carpal tunnel syndrome.
 
 II.
 
 7
 There is no dispute that the plaintiff can no longer perform his past relevant work, although he is not restricted in the use of his extremeties. There also is no dispute that plaintiff is further restricted by the non-exertional limitation of being unable to work in other than a pollution-free environment without temperature extremes. The work environment must also require little in the way of speech communication. Therefore, the burden was on the Secretary to show that there is other work in the national economy that Pirtle can perform. Ellis v. Schweiker, 739 F.2d 245, 248 (6th Cir.1984).
 
 
 8
 The administrative law judge (ALJ) concluded that plaintiff could perform light work not involving working in a polluted atmosphere, high humidity, or at any job requiring verbal communication on a regular basis.
 
 
 9
 The ALJ also consulted a vocational expert (VE) who testified that plaintiff's prior work was skilled and light and that he acquired skills which are transferrable to other work. Due to plaintiff's non-exertional restrictions, however, the only job that the VE could identify that plaintiff could perform was that of a forklift operator and then only if the forklift was battery powered rather than gasoline operated. The VE further testified that if Pirtle was restricted to sedentary work he would require retraining.[2]
 
 III.
 
 10
 In the district court this matter was referred to a magistrate who recommended that the Secretary's decision be upheld. The magistrate concluded that substantial evidence supported the ALJ's finding that plaintiff could still perform light work. The plaintiff filed timely objections to the magistrate's report, but the district court adopted the report without referencing the objections.[3] We cannot agree with this conclusion and find the credible medical evidence to be to the contrary. Not a single physician who examined the plaintiff indicated he could do light work. The only doctors who reached a contrary conclusion never saw the plaintiff but only looked at his medical records. This is contrary to the law in this circuit which requires that medical evidence from treating physicians is entitled to greater weight. Barney v. Secretary of Health and Human Services, 743 F.2d 448, 449 (6th Cir.1984).
 
 
 11
 Further, we conclude that the Secretary failed to give proper consideration to the combined effects of plaintiff's medical problems including his exertional and non-exertional limitations. The failure to properly consider plaintiff's combined problems casts further doubt on the ALJ's conclusion that plaintiff can perform light work.[4]
 
 IV.
 
 12
 The Secretary and the district court both failed to address the full significance of plaintiff's speech loss. 20 C.F.R. Sec. 416.920(d) provides in relevant part:
 
 
 13
 If you have an impairment[s] ... listed in Appendix 1 ... we will find you disabled ....
 
 
 14
 20 C.F.R. Sec. 404, Subpart P, Appendix 1, provides a listing of impairments. Listing 2.09 reads:
 
 
 15
 Organic loss of speech due to any cause with inability to produce by any means speech which can be heard, understood and sustained.
 
 
 16
 In connection with this listing the Secretary has promulgated Social Security Ruling 82-57 which states:
 
 
 17
 Ordinarily, when an individual's impairment prevents effective speech, the loss of function is sufficiently severe so that an allowance under Listing 2.09 is justified on the basis of medical considerations alone, unless such a finding is rebutted by work activity. To speak effectively, an individual must be able to produce speech that can be heard, understood, and sustained well enough to permit useful communication in social and vocational settings.
 
 
 18
 Dr. Sewell, a speech pathologist that examined plaintiff, found:
 
 
 19
 Mr. Pirtle has fairly good use of esophageal speech on limited two/three syllable responses. However, longer responses or repeated verbalizations reduce intelligibility somewhat. Volume is quite soft and the patient tires quickly using this means of communication. Apparently an electro-larynx has not been used.
 
 
 20
 In summary, this patient exhibits a severe speech problem due to his complete laryngectomy. He has learned a fairly effective means of communication on a one to one basis. However, repeated use of this means, talking on the phone, with strangers, etc. would severely limit understanding. He would be greatly limited by any job that requires verbal communication.
 
 
 21
 When Dr. Sewell's report is read in conjunction with Rule 82-57, it becomes apparent that plaintiff's impairment prevents "effective speech." That is "speech that can be heard, understood, and sustained well enough to permit useful communication in ... vocational settings." If Pirtle was qualified for sedentary work, then his work environment might be such as would enable him to get by in a job that did not require much in the way of verbal communications. However, in a "light work" industrial or manufacturing setting, Pirtle would not have "effective speech."[5]
 
 
 22
 REVERSED and REMANDED for an appropriate award of benefits.
 
 
 
 *
 Honorable Edward H. Johnstone, United States District Court, Western District of Kentucky, sitting by designation
 
 
 [1]
 There is a limit to which we can credit these complaints since they were not the focus of the hearing procedures and the medical record is accordingly limited
 
 
 [2]
 Since plaintiff is a person of advanced age with a high school education who has no skills transferrable to sedentary work, the grids (Rule 201.06, 20 C.F.R. 404.1569, Appendix 2) would dictate a conclusion of disabled if plaintiff were limited to sedentary work. This is another reason why reversal rather than remand is ordered here
 
 
 [3]
 Plaintiff claims error as a result of the failure of the district judge to address the objections, and the Secretary in his brief apparently agrees. Since we are reversing, we need not consider this claim in detail except to note that the district court's review of the magistrate's finding is de novo. Although the district judge need not address the objections filed in detail, it does not qualify as a de novo review wehn there is no indication the district judge was even aware of the existence of the objections. See United States v. Raddatz, 447 U.S. 667 (1980)
 
 
 [4]
 We also note that following the hearing, Dr. Copple, the vocational expert, made an employment-related evaluation of the plaintiff and concluded that Pirtle is not capable of performing any work of which Dr. Copple is aware
 
 
 [5]
 Although the record is not clear as to whether Pirtle has ever tried mechanical voice amplification, we reject the government's argument that this alone requires a remand. If this were the only issue in the case the government would have a better argument but given the facts here, the severely limited communications ability, even if not in and of itself disabling, is very significant in combination with plaintiff's other problems in a light work setting