895 F.2d 1413
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ronald GOSSETT, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 89-5680.
 United States Court of Appeals, Sixth Circuit.
 Feb. 20, 1990.
 
 Before BOYCE F. MARTIN, Jr. and WELLFORD, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Ronald Gossett appeals the Secretary's denial of claimed social security disability benefits. Because we find that substantial evidence supports the denial of benefits, we affirm.
 
 I.
 
 2
 The claimant filed an application for disability insurance benefits on April 2, 1987, alleging that his disability began on February 20, 1973 and was due to degenerative joint disease and a nervous breakdown. This application was denied initially and upon reconsideration. For purposes of this case, the relevant time period is from February 20, 1973, the date the claimant alleges disability began, to June 30, 1978, the date the claimant was last insured for purposes of a period of disability and disability insurance benefits.
 
 
 3
 The medical evidence presented by the claimant in this case indicated that he was treated at the George W. Jackson Community Mental Health Center (the "Center") from a period beginning approximately in February 1973 until August of 1977 for mental problems. The claimant was first admitted to the Center on February 14, 1973. He was diagnosed with "passive-aggressive personality with dissociative features." He was seen again in March and April of 1973 and was again diagnosed as a passive-aggressive personality.
 
 
 4
 In the spring of 1975, the medical records indicate that the claimant was somewhat uncooperative in his treatment program and was again diagnosed with passive aggressive personality with dissociative features. When claimant was examined on November 17, 1975, he claimed to be working, he "was taking his medication regularly, and seemed to be in a much better mood." In March 1976, he called the Center to state that he never felt better in his life. He was still working at a grocery store and apparently in the process of buying it. A caseworker contacted his wife, and she indicated that the claimant was doing "quite well and did not feel that he needed to return for further appointments."
 
 This further notation appeared:
 
 5
 The latter part of June 1977 the patient stopped by just to let everybody know how well he was doing. He was in the ministry and was very happy; taking no medication. Stated he had learned that his troubles were all of his own making. This case is now being closed.
 
 
 6
 The final diagnosis was passive aggressive personality with dissociative features.
 
 
 7
 The rest of the medical evidence offered by the claimant before the ALJ concerned alleged medical problems involving time periods after the date the claimant was last insured for purposes of disability. The reports from the Veterans Administration Medical Center covered the period from 1981 until 1987. These reports indicated various medical ailments, including, right knee gouty arthritis, thrombophlebitis of the right leg, degenerative joint disease, chest pain, a concussion, pynecomastia, a left knee effusion, hypertension, probable angyna pectoris, obesity, anxiety/tension state, and a personality disorder.
 
 
 8
 The claimant testified that he has memory lapses, hypertension, degenerative joint disease, and a history of strokes. He also testified that he is now confined to a wheelchair and that he generally does nothing more than rest, watch television, and help with the housework. The claimant's wife testified that the claimant did limit himself to these activities.
 
 
 9
 The ALJ found that during the relevant period, although the claimant did have severe impairments, he was capable of engaging in medium work activity on a sustained basis. The ALJ conceded that the claimant did have a mental impairment prior to the date he was last insured, but he found that "the medical evidence does not show the claimant's mental impairment was sufficiently severe so as to preclude him from engaging in work-related activities." He also determined:
 
 
 10
 Specifically, the evidence does not show that claimant exhibited a restriction of activities of daily living, more than slight difficulty in maintaining social functioning without deficiencies of concentration, persistence or pace or episodes of deterioration, or decompensation in work or work-like settings reported as a result of his passive-aggressive personality.
 
 
 11
 The ALJ also found claimant not to be "diagnosed specifically with an exertional impairment prior to the date he was last insured." The ALJ also assumed that even if the claimant was suffering from early degenerative joint disease prior to the date he was last insured, this condition would not preclude him from engaging in medium work activity.
 
 
 12
 In reaching his decision that the claimant was not disabled, the ALJ first found that prior to the date he was last insured, the claimant was not engaging in substantial gainful activity. Second, he found that while the claimant may have suffered from a mental impairment, it was not sufficient to preclude him from engaging in medium work activity although he would not be able to return to his past relevant work. Using the medical-vocational guidelines, the ALJ concluded that the "claimant was a younger individual, with a limited education and past unskilled work experience who is limited to medium work activity. Thus, Rule 203.25 of Table 3, Appendix 2, Subpart P, Regulations No. 4 would direct a conclusion the claimant is not disabled."
 
 
 13
 After administrative denial, the claimant sought review in the district court, which found Gossett not to be disabled before June 30, 1978. Claimant perfected a timely notice of appeal to this court.
 
 II.
 
 14
 This court will uphold the decision of the Secretary if his findings are supported by substantial evidence. 42 U.S.C. Sec. 405(g). Substantial evidence is more than a mere scintilla but is less than a preponderance. Richardson v. Perales, 402 U.S. 389 (1971). It is such evidence that when the record is considered as a whole, a reasonable person might accept as adequate to support the conclusion. Perales, 402 U.S. at 401.
 
 
 15
 The claimant first argues that his psychological condition from 1973 to 1977, based on the records from the Center, make him disabled within the meaning of the Act. Contrary to the claimant's contentions, these records do not establish that he was disabled. While the claimant may have suffered from a passive aggressive personality, the problem was not severe enough to warrant a finding of disability. During the period in question the claimant was working and considering the purchase of a grocery store. He was not pursuing further treatment, and seemed to have improved substantially. The claimant was not seen again after 1977 for his mental impairment until 1984. The ALJ's conclusion that the claimant's functional limitations were slight is supported by substantial evidence in the record.
 
 
 16
 The claimant also argues that the medical records concerning his condition after the expiration of his insured status--i.e., from 1984 until 1987--in conjunction with the records from 1973 to 1977 establish that he was continuously disabled. We reject this argument. The medical records indicated that he was seen in 1984 for psychological testing due to his inability to deal with the pain and other resulting problems from a recent head injury. Also, the claimant was working during this time period. The claimant did not establish that he was continuously disabled during the relevant time period.
 
 
 17
 The claimant has failed to establish that he was continuously disabled. See Ellis v. Schweitzer, 739 F.2d 245 (6th Cir.1984). Thus, we find that the Secretary was supported by substantial evidence in concluding that the claimant was not disabled within the meaning of the Act. We therefore AFFIRM the Secretary's denial of benefits.