Isaiah O'BANNER, Plaintiff-Appellant,

v.

SECRETARY OF HEALTH, EDUCA-TION & WELFARE, Defendant-Ap-pellee,

and

Willie L. SMITH, Plaintiff-Appellant,

v.

Caspar WEINBERGER, Secretary of Health, Education & Welfare, Defendant-Appellee.

Nos. 76–2419, 77–1138.

United States Court of Appeals, Sixth Circuit.

Argued April 7, 1978.

Decided Nov. 20, 1978.

Robert O. Chessman, McCroskey, Libner, VanLeuven, Kortering, Cochrane & Brock, Muckegon, Mich., for plaintiff-appellant in No. 76–2419.

Thomas D. Geil, McCroskey, Libner, VanLeuven, Kortering, Cochrane & Brock, Battle Creek, Mich., for plaintiff-appellant in No. 77–1138.

James S. Brady, U. S. Atty., Robert C. Greene, Grand Rapids, Mich., for defendant-appellee.

Before LIVELY and MERRITT, Circuit Judges, and RUBIN, District Judge.*

CARL B. RUBIN, District Judge.

These appeals each seek review of district court orders granting summary judgment in favor of the Secretary of Health, Education & Welfare. In each case disability benefits under the Social Security Act, 42 U.S.C. § 405(g), were denied. Both appellants established a disability that would prevent such appellant from engaging in his customary employment activity. In each instance the administrative law judge determined that the appellant could perform light work which existed in the national economy. It is to the manner in which such determination was made that the following discussion is addressed.

■ It is well-settled in this circuit that after a claimant for benefits under the Social Security Act has presented a prima facie case of total and permanent disability with respect to his normal work, the burden then shifts to the Government to go forward with proof that the claimant has residual capacity for substantial gainful activity. *Noe v. Weinberger*, 512 F.2d 588 (6th Cir. 1975); *Montgomery v. Weinberger*, 514 F.2d 1211 (6th Cir. 1975).

Both appellants sustained the foregoing burden. In neither case was a vocational expert called to testify and in each case the

---

* Honorable Carl B. Rubin, United States District Judge for the Southern District of Ohio, sitting by designation.

administrative law judge took administrative notice of the existence of light work in the national economy. Appellants urge that this circuit adopt a *per se* rule that in the absence of testimony by a vocational expert, administrative law judges be barred from finding that a claimant can perform light work which exists in the national economy.

■ It is established law in this circuit that the Secretary may take administrative notice that light work exists in the national economy. *Floyd v. Finch*, 441 F.2d 73 (6th Cir. 1971), citing *Breaux v. Finch*, 421 F.2d 687 (5th Cir. 1970).

■ The sustaining of the Government's burden would appear to require more than a generalized finding of the existence of light or sedentary work in the national economy. While a *per se* rule requiring the presence of a vocational expert does not appear required, a finding supported by substantial evidence that a claimant has the vocational qualifications to perform specific jobs does. *Taylor v. Weinberger*, 512 F.2d 664, 668 (6th Cir. 1975). The scope of review requires that there be something more than the mere intuition or conjecture by the administrative law judge.

■ The preferred method is testimony by a vocational expert which may be considered in conjunction with specific medical testimony. The administrative law judge may thereupon evaluate the vocational capacity of a claimant to perform the available jobs and, perhaps more importantly, a reviewing court can thereafter determine the existence or nonexistence of substantial evidence in support of his determination.

■ With the foregoing principles in mind, a consideration may now be given to the specific claims of the appellants. In the case of *Isaiah O'Banner v. Secretary of Health, Education & Welfare* the administrative law judge interrogated the claimant and determined from his answers and from the medical testimony that Mr. O'Banner was capable of performing work of a sedentary nature which was then available in the national economy. The testimony and the interrogation can also be interpreted to indicate that Mr. O'Banner was not capable of performing such services. It is not, however, the function of a reviewing court to weigh the evidence or to substitute its judgment for that of the administrative law judge. It is the obligation of the reviewing court only to determine whether his findings are supported by substantial evidence.

Finding that the determination of the administrative law judge is supported by substantial evidence, the determination in *O'Banner v. Secretary of Health, Education & Welfare* is hereby affirmed.

■ In the matter of *Willie L. Smith v. Secretary of Health, Education & Welfare*, the situation is somewhat different. Neither a vocational expert testified, nor did the plaintiff himself. There was no evidence explicitly pertaining to Mr. Smith's vocational qualifications to perform the specific light work which the administrative law judge presumed existed in the national economy. Faced with medical evidence indicating only that Mr. Smith had physical capacity to perform light work generally, the administrative law judge inferred both that specific light work existed in the national economy and that Mr. Smith was physically qualified to perform it. The administrative law judge relied upon his own interpretation of the medical evidence and sought thereby to determine the credibility or lack thereof of the medical witnesses.

The finding of the Secretary of Health, Education & Welfare in the case of *Willie L. Smith v. Secretary* denying disability benefits is not supported by substantial evidence and this matter is therefore remanded to the district court with instructions to direct an appropriate determination by the Secretary of Health, Education & Welfare of whether or not the claimant has the capacity to perform specific gainful employment existing in the national economy.