762 F.2d 1010
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
CEYPHUS E. OSBORNE, PLAINTIFF-APPELLANT,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, DEFENDANT-APPELLEE.
 NO. 84-5422
 United States Court of Appeals, Sixth Circuit.
 4/5/85
 
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY
 Before: KENNEDY and MILBURN, Circuit Judges; PHILLIPS, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff Ceyphus E. Osborne appeals from an adverse decision of the district court affirming the Secretary's determination that plaintiff is not entitled to social security benefits. This court must affirm the Secretary's determination if it finds substantial evidence in the record, viewed as a whole, which supports the Secretary's decision. Gibson v. Secretary of Health and Human Services, 678 F.2d 653, 654 (6th Cir. 1982). See also Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). Since we find such substantial evidence in the record, we affirm.
 
 I.
 
 2
 Plaintiff, born on February 17, 1925, has a seventh grade education, is literate and lives on a 180 acre farm which he and his wife own. He has farmed all of his life and has also worked as a laborer, janitor, maintenance man and served in the Army from 1943 to 1945.
 
 
 3
 In 1971, plaintiff suffered injuries to his left wrist for which he underwent surgery in 1972. He did not return to work following the wrist surgery allegedly due to pain and depression for which he was rehospitalized from February 12, 1973, to March 2, 1973, to determine the cause. A diagnosis of hysterical conversion reaction (post-traumatic neurosis) was made by Dr. Cornelia Wilbur, a psychiatrist, but the plaintiff was able to return to work on March 6, 1973, and continued to work until he injured his back on July 20, 1973. Following back surgery for a herniated lumbar disc, the plaintiff has had frequent complaints of pain all over his body, and has not worked since.
 
 
 4
 The decision of the Appeals Council dated March 21, 1977, is the final decision of the Secretary. The initial decision was a denial of benefits by an administrative law judge ('ALJ') on January 27, 1976, which was affirmed by the Appeals Council. Thereafter, the district court remanded the case to the Appeals Council for additional evidence. The Appeals Council found that the evidence obtained subsequent to the district court's order of remand supported the original decision of the ALJ and failed to establish that the claimant had an impairment or combination of impairments which precluded him from engaging in substantial gainful activity in jobs similar to those he had done in the past. The Appeals Council based its holding on the following: (1) the medical evidence consisting of observations, physical examinations and x-rays failed to demonstrate lung pathology consistent with plaintiff's allegations of emphysema; (2) both the ganglion excision on his left wrist in 1972 and his laminectomy in 1973 were followed by good recovery and the most recent medical evidence revealed no orthopedic limitations inconsistent with the normal aging process; (3) the record did not support the claimant's allegations of infection and gastrointestinal complaints; and (4) the weight of the relevant medical evidence did not establish a disabling emotional disturbance.
 
 II.
 
 5
 On appeal plaintiff's main contention is that the Secretary failed to give proper weight to the conclusion of the plaintiff's treating psychiatrist that plaintiff is disabled by pain which has a psychiatric basis. Our function on appeal is not to reweigh the evidence but to determine if there is substantial evidence to support the final decision of the Secretary. O'Banner v. Secretary of Health, Education and Welfare, 587 F.2d 321 (6th Cir. 1978).
 
 
 6
 There is such substantial evidence. There were four psychiatrists or psychiatric examiners who examined plaintiff. Dr. Wilbur, plaintiff's treating psychiatrist, opined that he will improve with treatment. Dr. George, a psychiatrist appointed by the Workmen's Compensation Board, found that the plaintiff was 'an open, friendly individual and fairly verbal, rational and coherent.' This doctor saw 'no evidence of depression or psychotic thinking' and found plaintiff 'competent to handle funds' and that he 'shows no disturbance of judgment.' Dr. Potts, a neuropsychiatric examiner from the Veterans Administration, found that:
 
 
 7
 Veteran came willingly to the interview, appearing fairly neat and clean, in general good demeanor but coughing a lot. He gave spontaneous information in a cooperative manner. His mood and affect were appropriate, sensorium and grasping capacities were within normal limits. He was in very good contact with reality and in his content of thought it was not possible to disclose any overt psychotic or psychoneurotic symptoms and as a matter of fact, veteran did not complain about any neuropsychiatric symptomatology and he did not even mention nervousness. His behavior was within normal limits as well as his insight and judgment (sic).
 
 
 8
 Dr. Potts gave the psychiatric diagnosis: 'No mental disorder. Competent.'
 
 
 9
 The evaluation of Dr. Carl Weisel, an examiner for the Secretary, shows that plaintiff only has moderate psychiatric impairment and good psychiatric status.
 
 
 10
 Other evidence in the record supports the Secretary's decision. A Ph.D. psychologist, Dr. Lipton, found that plaintiff 'speaks relevantly and coherently and is well-oriented.' Dr. Virginia Wallace, a treating physician, commented, 'As long as he can get protection from his family and be free of responsibility which he feels inadequate to carry he will not improve. The children are doing his farm work, his wife is teaching and he is sitting around complaining.'
 
 III
 
 11
 Although the evidence is in conflict, we have considered the medical evidence and the entire record as a whole and find that there is substantial evidence to support the Secretary's denial of benefits. See Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980). Accordingly, we AFFIRM the judgment of the district court.