770 F.2d 165
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
GORDON M. FINNEY, PLAINTIFF-APPELLANT,
v.
SECRETARY, DEPARTMENT OF HEALTH AND HUMAN SERVICES,
DEFENDANT-APPELLEE.
 NO. 84-5591
 United States Court of Appeals, Sixth Circuit.
 7/3/85
 
 E.D.Tenn.
 REVERSED AND REMANDED
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE
 Before: MERRITT and CONTIE, Circuit Judges; and EDWARDS, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Gordon Finney appeals the district court's order upholding the Secretary's determination that Finney is not disabled.
 
 
 2
 Finney was born on April 24, 1930. His past relevant work was as a material handler, which is classified as a heavy unskilled labor. He has an eighth grade education. Finney was involved in an automobile accident on January 4, 1979. He last worked on February 12, 1979. Although his primary complaint is of lower back pain, he also alleges leg pain, neck pain and hypertension.
 
 
 3
 Finney first applied for benefits on January 7, 1980. The Secretary determined that Finney had no severe impairment. On December 6, 1982, the district court overturned this decision, holding that substantial evidence did not support the determination that Finney had no severe impairment. Following remand to the Secretary, another hearing was held. The decision of the Secretary now presented to us for review is that Finney is capable of light work. It is agreed by the parties that under the 'grid' Finney is not disabled if capable of light work, but is disabled if capable of only sedentary work.
 
 
 4
 The administrative record consists primarily of the reports of four physicians, three of whom are Finney's treating physicians. Dr. Norton is a treating physician and an orthopedist. He has diagnosed osteoarthritis in the lumboscral spine and left ankle, although the arthritis in the left ankle was said to be 'minimal.' See App. at 144. Although Dr. Norton did not express any opinion on disability, his report indicates 'persistent pain in the low back' which is 'aggravated by weight bearing and activities.' Id.
 
 
 5
 Dr. Canon is another of Finney's treating physicians. His office notes confirm the diagnosis of degenerative osteoarthritis in the lumbosacral spine. Id. at 123-24. The office notes tend to confirm Finney's complaints of back pain. Dr. Canon completed a physical capacities evaluation form which indicates that Finney is incapable of lifting more than ten pounds on a frequent basis. Id. at 129.
 
 
 6
 Dr. Hood is the third of Finney's treating physicians whose report appears in this record. Dr. Hood relates Finney's lower back pain symptomatology in a manner consistent with those of Finney's other treating physicians. See id. at 146. He states that Finney has been 'unable to return to work, or engage in any substantial activity for any period of time, as a result of the back pain and the severe stiffness he experiences.' Id. Dr. Hood reiterated the diagnosis of osteoarthritis and stated that Finney's 'condition is likely to become progressively worse in the future, in spite of treatment.' Id. at 147. Another report by Hood states that 'Finney has been unable to return to any substantial activity and is totally disabled to return to the type of work he was performing prior to the accident. In my opinion his arthritic condition will become progressively worse in spite of the medication he is now taking.' Id. at 152. Hood concluded that Finney's '[c]ondition at this time, is totally disabled to engage in any substantial activity that he has been trained to do, and I see no evidence that this will change in the future.' Id. at 153.
 
 
 7
 Finally, there is a report in the record from Dr. Thurman, a consulting physician. He noted an 'adequate range of motion' in Finney's back and an absence of any evidence of nerve root compression. Id. at 131. Thurman concluded that Finney is capable of 'moderate physical activities on a sustained basis.' Id. at 133. Thurman completed a physical capacities evaluation form which indicated that Finney can lift and carry fifty pounds occasionally and twenty-five pounds frequently. Id. at 134.
 
 
 8
 This court's review is limited to determining whether substantial evidence supports the Secretary's decision. See 42 U.S.C. Sec. 405(g); Richardson v. Perales, 402 U.S. 389, 401 (1971); Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980). Substantial evidence is that evidence which a reasonable mind could accept as sufficient to support the conclusion reached. Perales, 402 U.S. at 401; Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not reweigh the evidence de novo nor does it substitute its judgment for that of the Secretary. O'Banner v. Secretary of Health, Education and Welfare, 587 F.2d 321, 323 (6th Cir. 1978).
 
 
 9
 We believe that this case falls within the rule that a treating physician's medical opinion should be given greater weight than the opinion of a consultative physician who has seen the claimant a limited number of times. See, e.g., Hephner v. Mathews, 574 F.2d 359, 362 (6th Cir. 1978). One treating physician, Dr. Hood, expressly stated that Finney is disabled.[1] Another treating physician, Dr. Canon, found that Finney can lift no more than ten pounds. If Finney can lift only ten pounds, he can perform only sedentary work, not light work, and is disabled.[2] Although the report of the third treating physician, Dr. Norton, does not state a conclusion on Finney's disability, it does support Finney's complaints of back pain and the diagnosis of osteoarthritis. This court is thus presented with a case in which the reports of two treating physicians directly support a finding of disability and the report of the third treating physician is not inconsistent and to a degree supportive of that result. On the other hand, the report of Dr. Thurman, a one-time consulting physician, is the only support in the record for the Secretary's finding of no disability.
 
 
 10
 The Secretary argues that neither Dr. Norton nor Dr. Canon expressly stated that Finney was disabled and that this should be taken as some positive proof that he was not disabled. We reject this argument. In cases where a treating physician does state that a claimant is 'disabled' the Secretary is not required to give that conclusory statement controlling weight. See 20 C.F.R. Sec. 404.1527; LeMaster v. Weinberger, 533 F.2d 337, 340 (6th Cir. 1976). Instead, it is proper for the Secretary to look at the physician's specific findings to determine if they are consistent with that conclusion. For the same reason, the absence of an express conclusion that a claimant is disabled by a treating physician does not establish that that physician's report should be taken as probative of no disability. Instead, the underlying findings of the physician should be examined to determine if they are indicitive of disability. In this case, as noted above, Dr. Canon's finding that Finney can lift only ten pounds or less is clearly consistent with the finding that he is capable only of sedentary work and is therefore disabled. Although the report of Dr. Norton does not contain such a finding, his report is certainly not inconsistent with the conclusion that Finney is disabled. It must also be remembered that the burden of proof if upon the Secretary to establish no disability after the claimant makes out a prima facie case by showing that he is no longer able to engage in his prior work. See Allen, 613 F.2d at 145.
 
 
 11
 The report of Dr. Thurman provides the only evidence conflicting with that of the treating physicians in this record. In addition to the fact that Dr. Thurman is not a treating physician, Finney testified at the administrative hearing that Dr. Thurman's attitude toward him during the examination was somewhat hostile. See App. at 221-22. For example, Dr. Thurman seemed predisposed to reject Finney's complaints of pain: he told Finney 'if you had any wings I guess they'd hurt you too wouldn't they?' Id. at 221. We thus do not find Dr. Thurman's report to be substantial evidence supporting the Secretary's decision.
 
 
 12
 For the reasons stated above, the judgment of the district court is REVERSED and the case is REMANDED with instructions that the Secretary award benefits.
 
 
 
 [1]
 The Secretary characterizes Dr. Hood's reports as stating only that Finney is disabled from returning to his prior work. Although some of Dr. Hood's statements do refer specifically to Finney's prior work, others state that he is unable to engage in 'any substantial activity' without qualification. See App. at 146, 152
 
 
 [2]
 The regulations provide that one must be capable of lifting up to twenty pounds to be within the light work category. See 20 C.F.R. Sec. 404.1567(b). Sedentary work 'involves lifting no more than ten pounds at a time.' 20 C.F.R. Sec. 404.1567(a). If Finney can perform only sedentary work, then Rule 201.09 of Appendix 2 indicates disability