798 F.2d 469
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Martin HICKS, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 85-5555.
 United States Court of Appeals, Sixth Circuit.
 June 25, 1986.
 
 Before MARTIN, KRUPANSKY and GUY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Martin Hicks has brought this action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. Sec. 405(g), to obtain judicial review of the final decision of the Secretary of Health and Human Services. The administrative law judge found Hicks not disabled and denied period of disability and disability insurance benefits. The Appeals Council refused to review the administrative law judge's findings so his findings became those of the Secretary. The district court held that substantial evidence supported the Secretary's findings.
 
 
 2
 Hicks was sixty-one years old at the time of the administrative hearing and had a fourth-grade education. Since he first began working as a coal miner in the 1930s, Hicks had been employed continually in jobs such as assembly-line worker, welder, and truck driver. In 1983, Hicks stopped working because he felt that he physically was not able to continue.
 
 
 3
 Hicks' application for benefits is based on disability due to heart, lung, back, and leg problems. Hicks testified that he has cramps and spasms, that he has sharp chest pains, and that he becomes short of breath easily. He stated that his hips and back tighten and are painful. The evidence reflects and the administrative law judge found that Hicks suffers from chest pain, chronic obstructive lung disease, a history of lumbar strain, a history of arthralgia, a history of bilateral spermatocele, and a history of coronary artery disease and mild mitral insufficiency. However, the testimony of Dr. Gordon, Hicks' physician for approximately twenty years, reflected that Hicks' occasional chest pain is relieved by rest or nitroglycerin. Dr. Henderson noted that Hicks has a full range of motion in all joins and has no trouble walking, squatting, standing up or climbing on and off the examining table. Two doctors employed to advice the Social Security Administration, without examining Hicks, determined that he is capable of performing medium work activity.
 
 
 4
 As a result, the administrative law judge applied the five-step process of 20 C.F.R. Sec. 404.1520,[1] which this Court has repeatedly endorsed. See Mowery v. Heckler, 771 F.2d 966, 969-70 (6th Cir.1985). The first step requires determining whether the claimant engaged in substantial gainful activity. Because Hicks was not employed at the time of the hearing, the first step of the evaluation process was satisfied. The second step requires a determination of whether the impairments are severe. According to the regulations, a severe impairment is one which significantly limits a person's physical or mental ability to do basic work activity. 20 C.F.R. Sec. 404.1520(c). If the impairment is not severe, age, education and work experience will not be considered. 20 C.F.R. Sec. 404.1520. Basic work activities are defined as follows:
 
 
 5
 (b) Basic work activities. When we talk about basic work activities, we mean the abilities and aptitudes necessary to do most jobs. Examples of these include--
 
 
 6
 (1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;
 
 
 7
 (2) Capacities for seeing, hearing, and speaking;
 
 
 8
 (3) Understanding, carrying out, and remembering simple instructions;
 
 
 9
 (4) Use of judgment;
 
 
 10
 (5) Responding appropriately to supervision, co-workers and usual work situations; and
 
 
 11
 (6) Dealing with changes in a routine work setting.
 
 
 12
 20 C.F.R. Sec. 404.1521(b).
 
 
 13
 The severity requirement of the sequential evaluation process has been upheld as a threshold requirement to finding disability. Mowery, 771 F.2d at 970; Gist v. Secretary of Health and Human Services, 736 F.2d 352, 357 (6th Cir.1984). However, in Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir.1985), the Court clarified the meaning of the requirement. "[P]roperly interpreted, [the severity requirement] serves the goal of administrative efficiency by allowing the Secretary to screen out totally groundless claims." Id. at 89. The Farris Court, looking to the administrative history of the requirement, found that "to ensure consistency with statutory disability standards," id. at 89-90, an impairment can be rejected at the second stage of the evaluation process only if the impairment is a "slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education and work experience." Id. at 90 (quoting Brady v. Heckler, 724 F.2d 914, 920 (11th Cir. 1984) ). Thus, the analysis focuses on whether the impairment is nonsevere, not on whether the impairment is severe.
 
 
 14
 On the basis of the record before him, the administrative law judge found that Hicks' impairments are not severe and therefore he is not disabled. According to 20 C.F.R. Sec. 404.1520, upon arriving at such a finding, the administrative law judge did not need to consider steps three through five of the five-step analysis.
 
 
 15
 The administrative law judge's findings of fact became the Secretary's findings when the Appeals Council allowed the administrative law judge's decision to be the final decision of the Secretary. The Secretary's findings must be upheld if substantial evidence supports them. Richardson v. Perales, 402 U.S. 389 (1971). "Substantial evidence" means " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Richardson, 402 U.S. at 401 (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938) ). See also Kirk v. Secretary of Health and Human Services, 667 F.2d 524 (6th Cir.1981), cert. denied, 461 U.S. 957 (1983).
 
 
 16
 Considering the record as a whole, Houston v. Secretary of Health and Human Services, 736 F.2d 365, 366 (6th Cir.1984), the Court finds the administrative law judge's finding of ineligibility to be supported by substantial evidence. The medical evidence does reflect an impairment, but the evidence does not suggest that Hicks cannot do basic work activities. The testimony of two doctors, based upon a review of the medical records, was that Hicks can perform medium work activities. The reports of Hicks' own doctors noted the impairments but did not state that Hicks is in any way incapacitated. Nothing indicates that Hicks' impairment is anything but a "slight abnormality which has such a minimal effect on [Hicks] that it would not be expected to interfere with [Hicks'] ability to work, irrespective of age, education and work experience." Farris, 773 F.2d at 90.
 
 
 17
 Hicks had the burden of proving that because of a severe impairment, he cannot perform past relevant work. O'Banner v. Secretary of Health, Educ. and Welfare, 587 F.2d 321, 322 (6th Cir.1978). The Secretary found that Hicks failed to shoulder his burden. As a result, Hicks is not disabled and is not entitled to benefits.
 
 
 18
 We affirm.
 
 
 
 [1]
 The sequential consideration of a disability claim is as follows:
 (1) Is claimant working? If not,
 (2) Does claimant have a severe impairment? If he does,
 (3) Does claimant have an impairment listed in appendix one to 20 C.F.R., part 404, subpart P (i.e., a "listed impairment")? If not,
 (4) Does claimant's impairment prevent him from doing his past relevant work? If it does,
 (5) Does claimant's impairment prevent him from doing any other work?
 See 20 C.F.R. Sec. 404.1520.