816 F.2d 681
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lucius MOULTON, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 86-1144.
 United States Court of Appeals, Sixth Circuit.
 April 14, 1987.
 
 Before RYAN and BOGGS, Circuit Judges, and BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff appeals the district court's order granting summary judgment to the Secretary in this social security disability case. Plaintiff contends that the Administrative Law Judge (ALJ) improperly discredited his testimony that he suffers from severe back pain, refused to give his treating physicians' opinions great weight, and determined that he could perform his former work without testimony to that effect from a vocational expert. Because the ALJ's determination that plaintiff is not disabled is supported by substantial evidence, we affirm.
 
 I.
 
 2
 Plaintiff was fifty-nine years old at the time of his disability hearing. He has a sixth grade education and can read and write "some." He last worked in May 1981, as a janitor, and then as an assembly worker at Chrysler Corporation. He applied for disability benefits, alleging that he could no longer work because of severe pain due to arthritis, acute lumbar strain, pulmonary problems, and shortness of breath. At the hearing, plaintiff testified that his activities are restricted. He takes pain medication that causes drowsiness and therefore spends a lot of time in bed. He drives an automobile approximately three times a week, could possibly walk one block but does not do so because of his pain, and is no longer capable of enjoying golf and fishing--his favorite activities.
 
 
 3
 The record reveals that plaintiff was admitted to St. Joseph Mercy Hospital in May 1981, complaining of severe back pain. Chest X-rays revealed an enlarged heart, evidence of emphysematous bulli, and minimal bilateral vascular congestion. However, pulmonary function testing was normal. Lumbar spine X-rays revealed moderate degenerative changes and arteriosclerosis. Straight leg raising was sixty degrees bilaterally, but an EMG performed on both legs was within normal limits. Plaintiff was treated with pelvic traction, Valium, and Tylenol # 3. When his condition improved, he was advised to quit smoking and was discharged.
 
 
 4
 In June 1981, plaintiff was again admitted to the hospital, but this time for a gunshot wound to the leg inflicted by his girlfriend. He sustained a fractured tibia, which was casted and healed satisfactorily.
 
 
 5
 In November 1981, plaintiff's treating physician, Dr. Senlamai, reported moderate restriction on forward bending with pain and spasm. Although straight leg raising was sixty degrees, an EMG was again normal. The doctor's diagnosis was degenerative osteoarthritis, and chronic low back strain.
 
 
 6
 In December 1981, plaintiff was examined at the Secretary's request by Dr. Lele. The doctor opined that "it is possible that this patient may have adult onset rheumatoid spondylytis for which further investigations may be required."
 
 
 7
 In January 1983, plaintiff's attending physician at Chrysler reported that, in his opinion, plaintiff was permanently and totally disabled. The diagnosis was arteriosclerosis, arthritis and lumbosacral strain.
 
 
 8
 In March 1983, plaintiff was examined by Dr. Yurkanin, an orthopedic specialist. Plaintiff was found to have full range of motion of the cervical spine, with "very minimal" muscle spasm. The doctor noted:
 
 
 9
 "Patient states he is unable to perform heel and toe walking with either lower extremity incident to low back pain. Gait is symmetric, although somewhat guarded incident to low back pain. He refused to flex the lumbar spine incident to back pain complaint.
 
 
 10
 * * *
 
 
 11
 "Patient appears quite fearful of motion of the spine and yet is able to ambulate without marked discomfort and with only mild guarding of the lumbar spine incident to back pain. I feel there is a great deal of psychological overlay with regard to his complaints."
 
 
 12
 Thereafter, plaintiff was evaluated by a psychiatrist who concluded: "[p]atient handles his nerves fairly well."
 
 
 13
 In May 1983, Dr. Bedia examined plaintiff and found him to be suffering from arthritis and hypertension "by history." Pulmonary function studies were consistent with mild restrictive pulmonary disease, but plaintiff showed no signs of angina pectoris or congestive heart failure.
 
 
 14
 In April 1984, plaintiff was referred to Dr. Rojas. The doctor noted an increase in the lumbar lordosis, tenderness and spasticity in the lumbar area, and only "mild limitation" on tilting the spine. The doctor concluded that plaintiff has probable degenerative arthritis of the lumbosacral spine, and chronic bursitis of the left shoulder.
 
 
 15
 Also in April 1984, Dr. Schwartz examined plaintiff and found chronic bursitis, pulmonary emphysema, osteoarthritis, degenerative disc disease in the lumbar spine, and lumbosacral strain. The doctor concluded that plaintiff is "totally and completely disabled from further gainful employment. This is permanent in nature."
 
 
 16
 The ALJ found that plaintiff's only severe impairment was osteoarthritis. Osteoarthritis is not listed in Appendix 1, Subpart P, and therefore, the ALJ proceeded to determine that plaintiff's residual functional capacity would permit him to perform his former work. A claimant who has the capacity to engage in gainful employment, is not disabled within the meaning of the Social Security Act, 42 U.S.C. Sec. 423(d)(1)(A).
 
 II.
 
 17
 Our review of the Secretary's decision to deny disability benefits is very narrow. "The findings of the Secretary as to any fact supported by substantial evidence, shall be conclusive...." 42 U.S.C. Sec. 405(g). In Richardson v. Perales, 402 U.S. 389, 401 (1971), the Supreme Court held that substantial evidence "is more than a scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." (Quoting Consolidated Edison v. NLRB, 305 U.S. 197, 229 (1938)). The evidence must be substantial, based upon the record as a whole. Houston v. Secretary of Health and Human Services, 736 F.2d 365 (6th Cir.1984).
 
 
 18
 Plaintiff's first contention before us concerns the ALJ's discrediting plaintiff's testimony that he suffers from severe back pain. The ALJ's credibility determinations are entitled to a high degree of deference. Beavers v. Secretary of Health, Education and Welfare, 577 F.2d 383 (6th Cir.1978). "Since credibility, especially with alleged pain, is crucial to resolution of the claim, the ALJ's opportunity to observe the demeanor of the claimant 'is invaluable, and should not be discarded lightly'." Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 538 (6th Cir.1981), cert. denied, 461 U.S. 957, (1983) (quoting Beavers, 577 F.2d at 387). In this case, the ALJ found that, in light of the medical evidence, plaintiff's testimony was "not fully credible." There is no basis in the record upon which to disregard this determination and, therefore, we must reject plaintiff's first assignment of error.
 
 
 19
 Plaintiff's second contention, that the ALJ improperly refused to give his treating physicians' opinions great weight, must also be rejected. Plaintiff refers to the statements made by his attending physician at Chrysler and Dr. Schwartz, that plaintiff is permanently disabled. To the extent that plaintiff refers to a similar statement made by another of his physicians, we point out that this statement was not before the ALJ and is therefore not in the record for our review.
 
 
 20
 The ALJ is not required to accept the conclusions of a claimant's physician that he is disabled. 20 C.F.R. Sec. 404.1527. Although it is generally true that treating physicians' medical opinions are accorded greater weight than the opinions of examining physicians, it is for the Secretary to make the ultimate determination of whether a claimant is disabled. Where the medical evidence is conflicting and the ALJ finds that the claimant's testimony is not fully credible, we cannot conclude that the ALJ erred in rejecting plaintiff's physicians' conclusory statements.
 
 
 21
 Finally, we address plaintiff's remaining contention that the ALJ erred in determining his residual functional capacity without the benefit of a vocational expert's testimony. In O'Banner v. Secretary of Health, Education and Welfare, 587 F.2d 321, 323 (6th Cir.1978), we held that a vocational expert's testimony is not per se required in every disability case. There is substantial evidence to support the ALJ's determination that plaintiff can perform his past work and therefore, the ALJ correctly concluded that plaintiff is not disabled.
 
 
 22
 The district court's judgment is affirmed.