879 F.2d 864
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Helen L. PRICE for James R. PRICE, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 88-3957.
 United States Court of Appeals, Sixth Circuit.
 July 21, 1989.
 
 Before KEITH and WELLFORD, Circuit Judges, and HORACE W. GILMORE*, District Judge.
 PER CURIAM.
 
 
 1
 In this social security appeal, the claimant, James Price, has been deceased since January 6, 1985. His present application was filed on his behalf by his widow, Helen L. Price, the plaintiff in this case. The claimant was allegedly disabled from June 5, 1979 to the date of his death because of a heart condition and hypertension. The ALJ found that Price, who suffered from obesity and was a heavy smoker,[1] became disabled only as of January 5, 1985, one day before his death
 
 
 2
 Price had an eleventh grade education, and was fifty-three years of age when he died. His wife alleged that he had been disabled since June 5, 1979, the date of his last employment, due to a heart condition and hypertension. Price's past relevant work experience included work as a lawn equipment maintenance mechanic, auto parts salesman, and truck salesman.
 
 
 3
 In January 1980, Price was diagnosed as having deep vein thrombophlebitis, or inflammation of a vein in the left leg. He was treated with intravenuous medication and physical therapy, resulting in good improvement in the left knee. In April 1981, the claimant was admitted to the hospital twice for evaluation of congestive heart failure, chest pain, and exogenous obesity. Price was treated with digitalis and diuretics. Chest x-rays revealed no active chest disease.
 
 
 4
 The claimant's treating orthopedist, Dr. Thomas Lastrapes, reported in an August 1982 letter that he had last seen the claimant on December 1, 1980. During this examination, Dr. Lastrapes found some evidence of synovitis of the left knee with the range of motion being good. Dr. Lastrapes had recommended surgery to the claimant, but the patient did not follow up on the recommendation. Dr. Lastrapes indicated, however, that he believed Price should be considered permanently and totally disabled.
 
 
 5
 Dr. Landefeld stated on January 20, 1984 that the claimant could not return to work since he was "100% disabled." In a letter dated December 31, 1985 to claimant's widow, Dr. Landefeld specified that he considered Price disabled from 1984 until his death. He based this conclusion upon congestive heart failure, atherosclerotic heart disease, and pulmonary disease. If Dr. Landefeld's conclusions were accepted, there would be benefits for about a one year period.
 
 
 6
 After the administrative hearing, the ALJ submitted written interrogatories to Dr. George Morrice, Jr., a board-certified internist who specialized in the treatment of cardiovascular disease. After reviewing the medical records, Dr. Morrice stated that the claimant had chronic bronchitis, chronic obstructive pulmonary emphysema, chronic exogenous obesity, knee problems, thrombophlebitis, hypertension, and chest pain not attributable to aschemic heart disease. Each of these problems were described as mild to moderately severe prior to January 5, 1985. Although some of the impairments led to a myocardial infarction, they did not "per se predict the nature or time of the fatal outcome." Dr. Morrice stated that although Price's attending physician had diagnosed congestive heart failure, the chest x-rays did not evidence lung congestion, the heart was not enlarged, the EKG was normal, and there were no physical findings compatible with the attending physician's conclusion.
 
 
 7
 Although Dr. Morrice concluded that the obesity, chronic lung disease, post-phlebetic syndrome, and left knee instability would be the equivalent of Sec. 1.03(B) of the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, at 1,[2] he also was of the opinion that the claimant could stand for two hours at a time, five hours a day, and walk half a block at a time, three blocks a day. Because of these capabilities, the district court held that the ALJ was correct in finding Dr. Morrice's assessment of claimant's residual functional capacity to fall short of the requirements of Sec. 1.03.
 
 
 8
 Section 205(g) of the Social Security Act provides that the "findings of the Secretary as to any facts, if supported by substantial evidence, shall be conclusive." 42 U.S.C. Sec. 405(g). Substantial evidence is "more than a scintilla. It means such relevant evidence as a responsible mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison v. NLRB, 305 U.S. 197, 229 (1938). The possibility of drawing two inconsistent conclusions from the evidence does not prevent an agency's finding from being supported by substantial evidence. Consolo v. Federal Maritime Commission, 383 U.S. 607, 620 (1966). A reviewing court should not reweigh the evidence or substitute its judgment for that of the Secretary. O'Banner v. Secretary of Health, Education and Welfare, 587 F.2d 321, 323 (6th Cir.1978).
 
 
 9
 In order to qualify for disability insurance benefits under the Act, the claimant must meet the insured status requirements, be under age 65, file an application for benefits, and be under a disability. 42 U.S.C. Secs. 416(i), 423. The Act defines "disability" in terms of the effect that a physical or mental impairment has on a person's ability to function in the work place. Heckler v. Campbell, 461 U.S. 459, 460 (1983). Disability benefits should be provided only to persons who are unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment." 42 U.S.C. Sec. 423(d)(1)(A).
 
 
 10
 The regulations implementing this statute provide that certain impairments are so severe that they may prevent a person from pursuing any gainful work. 20 C.F.R. Sec. 404.1520(d) (1988). A claimant who establishes that he suffers from one of these impairments will be considered disabled without further inquiry. If a claimant suffers from a less severe impairment, the Secretary must determine whether the claimant retains the ability to perform either his former work or some less demanding employment. If the claimant can pursue his former occupation, he is not entitled to disability benefits. 20 C.F.R. Sec. 404.1520(e) (1988). If the claimant cannot pursue his former work, the Secretary must determine whether he retains the capacity to pursue less demanding work. 20 C.F.R. Sec. 404.1520(f)(1) (1988).
 
 
 11
 In finding that the claimant's impairments could not have been expected to result in death until the day before he died, the Secretary relied principally upon Dr. Morrice's answers to post-hearing interrogatories submitted by the ALJ. Dr. Morrice stated:
 
 
 12
 Although the patient's obesity, heavy smoking, heredity, and minimal hypertension would contribute to coronary atherosclerosis and thus a probable myocardial infarction, his prior impairments so far as known would not per se predict the nature or time of the fatal outcome.
 
 
 13
 Claimant apparently does not seriously dispute this evaluation, but rather contends that the treating physicians' opinions regarding disability should have been accepted.
 
 
 14
 The opinion of a treating physician generally should be given greater weight than that of a reviewing physician, only if the treating physician's opinion is based on sufficient medical data. Harris v. Heckler, 756 F.2d 431, 435 (6th Cir.1985); Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir.1984). The ALJ is not bound by the conclusion of the treating physician, particularly when the ALJ identifies good reasons for not accepting the physician's opinion such as lack of detailed and clinical diagnostic evidence. King v. Heckler, 742 F.2d 968, 973 (6th Cir.1984). When there is substantial evidence contrary to a treating physician's opinion, the Secretary is not bound by the opinions of that physician. Hardaway v. Secretary of Health and Human Services, 823 F.2d 922, 927 (6th Cir.1987).
 
 
 15
 The ALJ determined that the opinions of the treating physicians in this case were not entitled to great deference. Dr. Lastrapes, who treated the claimant for his knee problem, stated that Price was totally disabled. Dr. Lastrapes' letter is far from well documented, and his reasons for considering the plaintiff disabled are not clear. Thus, although his letter has some evidentiary value, the ALJ was entitled to find that it did not deserve substantial deference. See Harris v. Heckler, 756 F.2d at 435.
 
 
 16
 There is substantial evidence in the record that the claimant had negative chest x-rays, that his EKG was normal, that his chest pain was atypical for angina pectoris, and that his cardiopulmonary problems were not disabling. Thus, substantial medical evidence, including some findings of the claimant's treating physicians, supports the Secretary's findings that Price was not disabled. Accordingly, the decision to deny benefits is AFFIRMED.
 
 
 
 *
 THE HONORABLE HORACE W. GILMORE, United States District Court for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 Despite his obvious health problems, Price (and his wife) continued to smoke very heavily and continuously up to his death
 
 
 [2]
 Section 1.03(B) has since been incorporated into Sec. 1.03(A)