890 F.2d 416
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jack HIXENBAUGH, Appellant,
v.
Otis R. BOWEN, Secretary of Health and Human Services, et
al., Appellees.
 No. 88-3619.
 United States Court of Appeals, Sixth Circuit.
 Nov. 29, 1989.
 
 Before RYAN and ALAN E. NORRIS, Circuit Judges and CHARLES M. ALLEN,* District Judge.
 PER CURIAM.
 
 
 1
 In this appeal from an order of the district court upholding the denial by the Secretary of disability benefits, plaintiff contends the denial is not supported by substantial evidence. Instead, he argues, the evidence established he was totally disabled by arthritis. For reasons which follow, we affirm.
 
 
 2
 The crux of the appeal is plaintiff's contention that the A.L.J. incorrectly assessed his residual functional capacity and determined that there existed specific jobs which he could perform. The A.L.J. concluded that he retained the ability to perform a full range of medium work, or in the alternative, a limited range of light work. We agree with the district court that there was not substantial evidence to support a determination that plaintiff could perform a full range of medium work.
 
 
 3
 Although plaintiff argues that there was not substantial evidence to support the A.L.J.'s determination concerning plaintiff's capacity to sit and stand for specific periods of time, that argument is belied by his own testimony. The question remaining is whether there was sufficient evidence to support the A.L.J.'s determination of plaintiff's lifting capacity, and to ground a hypothetical question he posed to a vocational expert witness.
 
 
 4
 In the course of establishing his prima facie case of disability, that he could not perform has past relevant work which required heavy lifting, plaintiff presented a letter from his attending physician which included the doctor's opinion that Hixenbaugh could not "bear weight on his back for any length of time"; that "added work such as lifting, carrying ... would aggravate the arthritis even further"; and that "he cannot do any work entailing ... carrying any objects, or lifting up or bending in a repetitive manner." Hixenbaugh, himself, however, in testifying before the A.L.J., acknowledged that he had been lifting items weighing under five pounds, such as clothing, pots, and pans, during the course of his daily activities, and that he "probably could lift a little more than that."
 
 
 5
 At this point, plaintiff having made out his prima facie case, the burden of going forward with the evidence shifted to the Secretary to produce evidence that plaintiff retained the capacity to perform work in the national economy. In viewing the apparent inconsistency in plaintiff's evidence, the A.L.J. concluded that
 
 
 6
 Assuming that the claimant's complaints of pain are somewhat more credible, he would be limited to the following residual functional capacity: an ability to sit 30 minutes to one hour at a time alternated with standing and walking for a maximum of 30 minutes to one hour each, for a maximum total standing and walking of four hours a day, with occasional lifting limited to 20 pounds. He would also be unable to engage in rapid, repetitive bending and stooping.
 
 
 7
 The A.L.J. was warranted in concluding that the Secretary, by pointing out portions of plaintiff's evidence, satisfied his burden of going forward on the issue of whether plaintiff retained a residual capacity to perform work. A reasonable trier of facts certainly could infer from plaintiff's evidence that he could occasionally lift weight up to twenty pounds. It was then incumbent upon the plaintiff, consistent with his ultimate burden of persuasion, to produce evidence that he in fact did not retain this residual capacity. As he produced no such evidence, the A.L.J. correctly concluded that plaintiff retained the residual capacity to perform a limited range of light work.[1]
 
 
 8
 The A.L.J. pointed out that the limitations he had mentioned would not permit plaintiff to perform a full range of light work. The Secretary was then in no position to rely upon the "grids" to satisfy its burden of production on the issue of whether work existed which plaintiff could perform, but was required to present evidence to support a finding that plaintiff had the vocational qualifications to perform specific jobs. A vocational expert was therefore called, and in the course of his examination of this witness, the A.L.J. posed this hypothetical question:
 
 
 9
 I would ask you to assume an individual who is 50, 51 years of age with past, relevant work experience as a press operator doing heavy, unskilled work in an automotive plant; who can perform work that varies between light and sedentary work to wit having the capacity to lift up to 20 pounds occasionally, lesser weights more frequently, lifting and carry, I should say.
 
 
 10
 The question does not precisely track the A.L.J.'s finding of residual functional capacity, since it asks the witness to assume that plaintiff could lift and carry "lesser weights more frequently." While that inconsistency may be confusing, it is of no consequence, and the question is grounded upon the evidence. From plaintiff's testimony that he routinely lifted objects weighing less than five pounds in the course of his daily activities, the A.L.J. was permitted to infer that plaintiff could "more frequently" lift "lesser weights" while performing a job. Again, plaintiff presented no additional evidence on this point. Accordingly, we agree with the district court's conclusion that
 
 
 11
 The vocational expert identified a significant number of jobs which an individual with Hixenbaugh's limitations, as described in a hypothetical question, could perform. The extent of the limitations corresponds to the medical reports and Hixenbaugh's testimony as to his daily activities and abilities.
 
 
 12
 The order of the district court is AFFIRMED.
 
 
 13
 JACK Z. HIXENBAUGH, Plaintiff-Appellant,
 
 
 14
 v.OTIS R. BOWEN, SECRETARY, DEPARTMENT OF HEALTH AND HUMAN
 
 
 15
 SERVICES, Defendant, Appellee.
 
 
 16
 Senior Judge Charles M. Allen, U.S. District Court, Western District of Kentucky, dissenting.
 
 
 17
 Respectfully, I must dissent.
 
 
 18
 Mr. Hixenbaugh carried his burden of establishing inability to return to his usual work, such that the burden shifted to the Secretary to show that Mr. Hixenbaugh possesses the residual capacity to perform other substantial gainful activity that exists in the national economy. Buress v. Secretary, 835 F.2d 139 (6th Cir.1987). The Secretary's finding that plaintiff has such residual capacity must be supported by substantial evidence that the claimant has the vocational qualifications to perform specific jobs, and there must be "something more than mere intuition or conjecture by the administrative law judge." O'Banner v. Secretary, 587 F.2d 321, 323 (6th Cir.1978).
 
 
 19
 Residual capacity may be established through a vocational expert, so long as the hypothetical question "accurately portrays [plaintiff's] individual physical and mental impairments." Varley v. Secretary, 820 F.2d 777, 779 (6th Cir.1987), quoting from Podedworny v. Harris, 745 F.2d 210, 218 (3rd Cir.1984). Buress and Varley leave no doubt that a failure of proof at this stage of the proceedings must result in award of benefits, since the focus is not on what is absent from the record, but on what evidence appears in the record to support the conclusion that the plaintiff has the ability to perform specific jobs.
 
 
 20
 The information provided by the vocational expert in this case was based on a hypothetical question that assumed Mr. Hixenbaugh could lift and carry twenty pounds occasionally and less weight more frequently. There is no evidence to support this assumption. The only evidence of record concerning Mr. Hixenbaugh's ability to lift and carry was provided by plaintiff's own testimony and by his treating physician's opinion. Mr. Hixenbaugh testified that he could lift five pounds, "probably a little more than that." His physician opined that plaintiff could not do any work involving carrying any objects, and explained that any lifting or carrying would aggravate the disabling arthritis by putting additional mechanical stress on the affected joints.
 
 
 21
 As this is the only evidence of record on this point, support for the assumption contained in the hypothetical question must be found in this evidence, if at all. Particularly in light of the treating physician's opinion that plaintiff can do no lifting or carrying, Mr. Hixenbaugh's belief that he can lift a little more than five pounds cannot provide support for the assumption that he can occasionally lift and carry twenty pounds. Such an assumption is impermissible "intuition or conjecture." O'Banner, supra. As there was a failure of proof as to this matter, plaintiff was not called upon to refute the unwarranted assumption of the administrative law judge.
 
 
 22
 I would reverse.
 
 
 
 *
 The Honorable Charles M. Allen, United States District Court for the Western District of Kentucky, sitting by designation
 
 
 [1]
 Light work involves lifting no more than twenty pounds at a time, with frequent lifting or carrying of objects weighing up to ten pounds. 20 C.F.R. Sec. 404.1567(b) (1988)