917 F.2d 24
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Virgil M. BUMGARDNER, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 90-5241.
 United States Court of Appeals, Sixth Circuit.
 Oct. 24, 1990.
 
 Before MILBURN, BOGGS and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Virgil M. Bumgardner ("claimant") appeals the judgment of the district court affirming the decision of the Secretary of Health and Human Services ("Secretary") denying his claim for disability benefits under the Social Security Act. For the reasons that follow, we affirm.
 
 I.
 
 2
 The claimant filed an application for social security disability benefits on March 9, 1987, alleging an onset date of disability of December 3, 1986. The application was denied and claimant timely pursued his administrative remedies. A hearing was held before an administrative law judge ("ALJ") on May 2, 1988, who concluded that the claimant was not disabled within the meaning of the Social Security Act. With some modification, the Appeals Council adopted the ALJ's decision, making the decision of the ALJ, as modified, the final decision of the Secretary.
 
 
 3
 Pursuant to 42 U.S.C. Sec. 405(g), claimant sought review in the district court. On October 26, 1989, the magistrate recommended that the Secretary's decision be affirmed. On December 28, 1989, the district court adopted the magistrate's report and recommendation and entered summary judgment on behalf of the Secretary. This timely appeal followed.
 
 
 4
 The claimant was born on May 27, 1929, and has an eighth grade education. At the time of his administrative hearing, he was fifty-eight years of age. He worked in the past as a tobacco farmer, but he has not engaged in work activity since December 3, 1986, when he was hospitalized due to a heart attack. While hospitalized, he underwent open-heart surgery, following which he developed acute respiratory distress syndrome (ARDS).
 
 
 5
 On February 10, 1987, he was discharged from the hospital, and thereafter received outpatient care from Veteran's Administration doctors through November of 1987. On September 16, 1987, the claimant informed a thoracic clinic, where he was being treated, that he was able to walk between two and four miles each day.
 
 
 6
 At the hearing before the ALJ, Dr. Wilk O. West testified as a medical advisor and Charles F. Elton, Ph.D, testified as a vocational expert ("V.E."). The ALJ determined that the claimant appeared to be in no acute distress at the hearing, and that he made no complaints of incapacitating pain or symptoms. The claimant testified that on some days he did not feel well and that he had problems bending and picking up objects. He further testified that he could walk at a slow pace, but could not hurry or run because he would lose his breath.
 
 
 7
 Dr. West also determined that the claimant could stand, walk, and sit six out of eight hours a day, and that he was capable of occasionally pushing and pulling. Dr. West concluded that the claimant was limited to "stooping occasionally" and "pushing and pulling occasionally." Further, Dr. West indicated that because of the claimant's history of ARDS, he should avoid exposure to dust, extremes of temperature, and high humidity. Dr. West testified that the claimant had the residual functional capacity ("RFC") to perform medium work which required lifting weights of up to fifty pounds occasionally, and lifting up to twenty-five pounds frequently.
 
 
 8
 The V.E., Dr. Elton, determined that the claimant had performed heavy unskilled entry type work as a farmer all his life, and that he had no transferable skills as contemplated within the meaning of the Social Security Act. Dr. Elton also considered Dr. West's determinations and testified: "... He could do a job such as a housekeeper in a hospital mopping and cleaning, which is light to medium, again depending on the institution and what's required.... I would estimate that the number of entry unskilled jobs ranging between sedentary and medium in the state (sic) of Kentucky would number forty to fifty thousand. In the economy at large, they would number in the hundreds of thousands." Based upon this testimony, the ALJ determined that a significant number of jobs existed in the regional and national economy which the plaintiff could perform.
 
 
 9
 In this appeal, the claimant does not dispute the Secretary's factual determinations. Rather, claimant's arguments are directed at the procedures followed by the ALJ.
 
 
 10
 The pertinent findings of the ALJ are summarized as follows. Although the medical evidence established that the claimant had coronary artery disease which qualified as a severe impairment, the ALJ determined that he did not have an impairment or combination of impairments listed in, or medically equal to those listed in, 20 C.F.R., Pt. 404, Subpt. P, App. 1 Sec. 4.00. The claimant's complaints of inability to bend or pick up objects were not credible insofar as preventing him from performing medium work. The claimant had the residual functional capacity for the full range of medium work, reduced by his nonexertional limitations (he could stoop, push, and pull only "occasionally", and must avoid exposure to excessive dust, temperature extremes, or high humidity). Claimant was unable to perform his past relevant "heavy" or "very heavy" work as a farmer.
 
 
 11
 Relying upon rule 203.11 of the Medical Vocational Guidelines, 20 C.F.R. Part 404, Subpt.P.App. 2 (the "grid"), which is based on an exertional capacity for medium work, the ALJ determined that 203.11 directed a finding of "not disabled" considering the claimant's age, education and work experience. Since the claimant's nonexertional limitations did not allow him to perform a full range of medium work, the ALJ used rule 203.11 only as a framework for decision-making.
 
 
 12
 In addition to relying on rule 203.11 as a framework for decision-making, the ALJ relied on the testimony of the V.E. The ALJ concluded that based on the testimony of the V.E. there were a significant number of jobs which the plaintiff could perform. Therefore, the ALJ held that the claimant was "not disabled" within the meaning of the Social Security Act.
 
 
 13
 In a written decision dated March 27, 1988, the Appeals Council affirmed the decision of the ALJ with slight modifications. The Appeals Council rejected claimant's assertion that he was unable to do the work of a hospital house cleaner because such a position would require exposure to dust. The Appeals Council expressed agreement with the Dictionary of Occupational Titles (4th ed. 1977) which showed that the occupation of hospital cleaner, as usually performed in the national economy, is not a job performed in air filled with dust.
 
 
 14
 As earlier indicated, the issues presented in this appeal do not involve the Secretary's factual findings because the claimant does not dispute those findings. Rather, claimant argues that substantial evidence does not support the decision of the Secretary to use rule 203.11 of the grid as a framework for decision-making. Claimant further argues that the Secretary should have applied rule 202.01 of the grid, which is based on residual functional capacity for light work, and which would have directed a finding of disabled.
 
 II.
 A.
 
 15
 This court's scope of review is limited to the inquiry of whether the Secretary's findings are supported by substantial evidence. Shelman v. Heckler, 821 F.2d 316, 319 (6th Cir.1987). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence "is more than a mere scintilla, but only that much evidence required to prevent a directed verdict." Foster v. Bowen, 853 F.2d 483, 486 (6th Cir.1988). This court may not review the case de novo, nor make credibility determinations, nor weigh the evidence, Garner v. Heckler, 745 F.2d 383, 387 (6th Cir.1984), for these functions are left to the Secretary's discretion. Young v. Secretary of Health & Human Serv., 787 F.2d 1064, 1066-67 (6th Cir.), cert. denied, 479 U.S. 990 (1986). In reviewing for substantial evidence, this court must examine the record taken as a whole. Duncan v. Secretary of Health & Human Serv., 801 F.2d 847, 852 (6th Cir.1986). The fact that the record may also contain substantial evidence to support a conclusion different than that reached by the Secretary is irrelevant, even if the reviewing court would have decided the case differently. Crisp v. Secretary of Health & Human Serv., 790 F.2d 450, 453 n. 4 (6th Cir.1986) (per curiam).
 
 
 16
 The Social Security Act provides that a claimant for disability insurance benefits must establish an
 
 
 17
 inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.
 
 
 18
 42 U.S.C. Sec. 423(d)(1)(A); see Foster, 853 F.2d at 486. The law places upon the claimant the burden of furnishing medical and other evidence demonstrating a physical or mental impairment amounting to a disability. 42 U.S.C. Sec. 423(d)(3) & (5). A claimant is entitled to disability insurance benefits if he is insured; under sixty-five years of age; files an application; and is under a "disability" as defined by the Social Security Act. 42 U.S.C. Sec. 423(a)(1)(A)-(D).
 
 
 19
 Once the Secretary determines that a claimant cannot return to his past relevant work, the burden shifts to the Secretary to show by substantial evidence that the claimant can perform work that exists in the national economy. Varley v. Secretary of Health & Human Serv., 820 F.2d 777, 779 (6th Cir.1987). The mere theoretical ability to engage in some type of substantial gainful activity is not enough; the Secretary must make "a finding supported by substantial evidence that a claimant has the vocational qualifications to perform specific jobs." O'Banner v. Secretary of Health, Education and Welfare, 587 F.2d 321, 323 (6th Cir.1978). "Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a 'hypothetical' question, but only if the question accurately portrays [the claimants] individual physical and mental impairments." Varley, 820 F.2d at 779 (emphasis added) (quoting Podedworney v. Harris, 745 F.2d 210, 218 (3d Cir.1984)).
 
 B.
 
 20
 In this case the ALJ determined, and the claimant does not dispute, that the claimant had the exertional capacity for medium work. Because the claimant also had nonexertional limitations, the ALJ did not apply rule 203.11 (the rule applicable when there is RFC for medium work) as the exclusive means to determine that the claimant was "not disabled." Considering the claimant's age, education and previous work experience, rule 203.11 directed a finding of "not disabled." However, the ALJ used rule 203.11 as a framework, which, combined with the testimony of the V.E., led the ALJ to conclude that there were specific jobs in the national economy which the claimant could perform.
 
 
 21
 The claimant argues that substantial evidence does not support the decision of the ALJ to apply rule 203.11 and that the ALJ should have applied rule 202.01 (the light work section of the grid) which would have directed a conclusion of "disabled." However, the ALJ's factual findings, which the claimant does not dispute, established that the claimant had the exertional capability to perform medium work. Moreover, even though the ALJ found that the claimant's residual functional capacity for the full range of medium work had to be reduced by his nonexertional limitations, the factual evidence in this case did not support an application of rule 202.01.
 
 
 22
 The claimant argues that because the ALJ determined that he was only able to stoop[1] "occasionally," the ALJ's decision to refer to the medium work section of the grid as a framework for decision-making is not supported by substantial evidence. The claimant points toward two Social Security Rulings, SSR 83-10 and SSR 85-15, for this argument.[2] SSR 83-10 states that "[t]he considerable lifting required for the full range of medium work usually requires frequent bending-stooping." (Emphasis added). However, this language itself indicates that frequent stooping is required only for the full range of medium work. In this case the ALJ did not make a determination that the claimant was able to perform the full range of medium work. In fact, he referred to the rule for medium work only as a framework for decision-making, and the V.E. testified about specific jobs the claimant could perform in spite of his nonexertional limitations, i.e., stooping.
 
 
 23
 Social Security Ruling 85-15 states that "because of the lifting required for most medium ... jobs a person must be able to stoop frequently ... inability to do so would substantially affect the more strenuous portion of the occupational base." (Emphasis added). Again, this ruling makes it clear that an inability to stoop "frequently" would substantially affect only the "more strenuous portion" of the occupational base. The V.E. in this case was made aware of the problems that the claimant had with stooping, but nevertheless identified specific jobs outside the strenuous portion of the occupational base which the claimant is able to perform.
 
 
 24
 The claimant mistakenly relies on Social Security Ruling 83-12.[3] This ruling is applicable when evaluating exertional limitations within a range of work or between ranges of work. This ruling expressly states that its purpose is to clarify policies where the individual has only exertional limitations. Although SSR 83-12 has no application to this case, it is worth pointing out that 83-12 states that a V.E. is capable of assessing the effects of any limitations on the range of work at issue.
 
 
 25
 The proper Social Security Ruling to refer to in this case is 83-14[4], which clarifies policies regarding how the grids provide a framework for decisions involving persons who have both a severe exertional impairment and a nonexertional limitation or restriction. That ruling states:
 
 
 26
 A particular additional exertional or nonexertional limitation may have very little effect on the range of work remaining that an individual can perform. The person, therefore, comes very close to meeting a table rule which directs a conclusion of "Not disabled." On the other hand, an additional exertional or nonexertional limitation may substantially reduce a range of work to the extent that an individual is very close to meeting a table rule which directs a conclusion of "Disabled."
 
 
 27
 Use of a vocational resource may be helpful in the evaluation of what appear to be "obvious" types of cases. In more complex situations, the assistance of a vocational resource may be necessary.
 
 
 28
 (Emphasis added).
 
 
 29
 Therefore Ruling 83-14 establishes the procedure that the ALJ should follow. If an individual is between rules because of a nonexertional impairment, the Rulings indicate that the ALJ should rely on a V.E. The ALJ in this case relied on the testimony of a V.E.
 
 
 30
 The claimant argues that because of his environmental restrictions and because of his limited ability in "reaching and handling," the Secretary should have found him disabled. First, we note that at no point in the administrative proceedings was the claimant found to have restrictions relating to his ability to "reach and handle." Second, regarding his inability to tolerate dust or extremes of temperature or high humidity, it is clear that the V.E. was aware of these limitations when he testified.
 
 
 31
 In this case the ALJ did not contravene the Social Security Rulings in applying the grid as a framework for decision-making. The V.E. was aware of the claimant's exertional and nonexertional limitations but nevertheless pointed out that there were specific jobs in the national and regional economy which he was capable of performing. Therefore, the decision of the Secretary is supported by substantial evidence.
 
 III.
 
 32
 Accordingly, for the reasons stated, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 "Stooping" is a nonexertional impairment. Social Security Ruling 83-10, Titles II and XVI: Determining Capability To Do Other Work--The Medical Vocational Rules Of Appendix 2
 
 
 [2]
 Social Security Ruling 83-10, Titles II and XVI: Determining Capability To Do Other Work--The Medical Vocational Rules of Appendix 2; Social Security Ruling 85-15, Titles II and XVI: Capability To Do Other Work--The Medical Vocational Rules as a Framework for Evaluating Solely Nonexertional Impairments
 
 
 [3]
 Social Security Ruling 83-12 Titles II and XVI: Capability To Do Other Work--The Medical Vocational Rules As A Framework For Evaluating Exertional Limitations Within A Range Of Work Or Between Ranges Of Work
 
 
 [4]
 Social Security Ruling 83-14 Titles II and XVI: Capability To Do Other Work--The Medical Vocational Rules As A Framework For Evaluating A Combination Of Exertional And Nonexertional Impairments. It should be noted that the claimant argued that the Social Security Rulings were binding on the Social Security Administration. This argument does not need to be addressed because the Secretary recognizes that the Rulings are binding